New York　　Paris
Northern California　　Madrid
Washington DC　　Tokyo
São Paulo　　Beijing
London　　Hong Kong

**Davis Polk**

**James H.R. Windels**

Davis Polk & Wardwell LLP　　212 450 4978 tel
450 Lexington Avenue　　212 701 5978 fax
New York, NY 10017　　james.windels@davispolk.com

February 27, 2019

Re:　*Celestin, et al. v. Martelly, et al.*
　　　No. 18-cv-7340 (LDH) (PK)

Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge DeArcy Hall:

We represent Defendant Unigestion Holding, S.A. ("Digicel Haiti") in the above-referenced action and are writing pursuant to Your Honor's Individual Practices to request a pre-motion conference regarding Digicel Haiti's anticipated motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6), as well as on the basis of the act-of-state doctrine and *forum non conveniens*. We respectfully submit that the Amended Complaint should be dismissed in its entirety with prejudice for multiple reasons, as set forth below.

**Background.** Digicel Haiti is a telecommunications company based in Port-au-Prince, Haiti, which provides cellular communications and related services to its customers. Certain Plaintiffs in this action allege that they are U.S. customers of Digicel Haiti and assert claims under a variety of federal and state statutes and common law theories, including consumer protection, fraud, and civil theft statutes in New York, Florida, and California. *See* Amended Complaint ("Compl.") ¶¶ 176-285. Although Plaintiffs do not formally plead all of the claims they reference, the core accusation in the Amended Complaint is that Digicel Haiti, in coordination with the other Defendants, defrauded a class of its U.S. customers by conspiring with the Haitian government to charge callers an illegally-levied $0.05 per minute tax on calls between Haiti and the U.S. The stated purpose for this tax was educational funding, but Plaintiffs allege the funds were improperly diverted for the benefit of members of the Haitian government.

**Pleading Standards Applicable to the Amended Complaint.** Under FRCP 8(a)(2), Plaintiffs are required to provide "a short and plain statement of the claim showing that [they are] entitled to relief." This pleading standard requires "more than a mere possibility of a right to relief," *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 197 (2d Cir. 2013), and is not satisfied where the allegations are "wholly conclusory and speculative." *Galiano v. Fid. Nat. Title Ins. Co.*, 684 F.3d 309, 314 (2d Cir. 2012). In the Second Circuit, a plaintiff may not group defendants together in a complaint but instead must distinguish among defendants'

individualized conduct to provide "fair notice of what the plaintiff's claim is." *Elias v. City of New York*, 2010 WL 5475809, at *3 (E.D.N.Y. 2010).

Claims based on fraud are subject to the heightened pleading standard of FRCP 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." To comply with FRCP 9(b), a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Nakahata*, 723 F.3d at 197.

**All Counts in the Amended Complaint Should Be Dismissed.** All 13 counts of the Amended Complaint fail to satisfy the pleading standards of FRCP 8(a) and 9(b) and also should be dismissed as failing to state a claim under FRCP 12(b)(6).

Contrary to FRCP 8(a)(2)'s requirement of "a short and plain statement of the claim," the Amended Complaint includes rambling, unintelligible factual allegations and cites to a variety of unrelated statutes and legal claims. Plaintiffs repeatedly engage in impermissible group pleading in both their factual allegations, *see, e.g.*, Compl. ¶¶ 58 & 145, and their assertion of legal claims. *See* Compl. ¶¶ 175-285. As it is difficult for Digicel Haiti to understand precisely what it is being accused of, the Amended Complaint should be dismissed under FRCP 8(a)(2). *See Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, 2012 WL 6082387, at *6-7 (S.D.N.Y. 2012).

The Amended Complaint also suffers from substantive pleading deficiencies in each of the counts and thus fails to state a claim under FRCP 12(b)(6). For example, to properly state a claim under N.Y. Gen. Bus. Law § 349 ("GBL 349"), plaintiffs "must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Prue v. Fiber Composites, LLC*, 2012 WL 1314114, at *7 (E.D.N.Y. 2012) (quoting *City of New York v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 621 (2009)). But the Amended Complaint contains no allegation that Plaintiffs were misled, and their allegation that each Defendant "adopt[ed the] statements" of another of the Defendants (former Haitian President Michel Martelly, *see* Compl. ¶ 57) about the purpose of the tax is insufficient to state a claim. *See* Compl. ¶¶ 146-47. Plaintiffs do not allege a single specific fact about Digicel's representations to its customers about the $0.05 fee, which is fatal to their claim under GBL 349. *See Moss v. BMO Harris Bank, N.A.*, 258 F. Supp. 3d 289, 309-10 (E.D.N.Y. 2017) (dismissing claim under GBL 349 because the complaint did "not assert any contact between defendant or plaintiff whatsoever"). New York courts have also held that under GBL 349, "[t]he transaction in which the consumer is deceived must occur in New York," *Goshen v. Mutual Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324 (2002), yet Plaintiffs do not allege that any particular transaction occurred in New York.[1]

Many of the counts in the Amended Complaint would also be subject to FRCP 9(b)'s heightened pleading standard (*see, e.g.*, Counts 3, 5, 6, 8, 9, 10 and 12). None of these counts includes specific statements, speakers, relevant details of alleged events, or explanations of the purported fraud, as required in the Second Circuit. *Nakahata*, 723 F.3d at 197.

---

[1] Digicel Haiti submits that similar pleading gaps and deficiencies under FRCP 12(b)(6) exist with respect to all of Plaintiffs' claims and can provide further specifics as and when would be helpful to the Court.

Finally, although Plaintiffs refer to a purported antitrust conspiracy and several antitrust statutes, they do not attempt to plead a violation of any of these statutes, nor could they based on their factual allegations. *See* Compl. ¶¶ 1, 6, 20-29, 49, 175 and Prayer for Relief "G" (Sherman Act); Compl. ¶¶ 1, 6, 20-29 (Clayton Act); Compl. ¶¶ 1 & 20, and Prayer for Relief "G" (Donnelly Act).

**The Amended Complaint Should Be Dismissed Under the Act-of-State Doctrine.** All of the counts in the Amended Complaint require the Court to rule on the validity of acts of the Haitian government, which requires dismissal under the act-of-state doctrine. Under the doctrine, "United States courts [are directed] to refrain from deciding a case when the outcome turns upon the legality or illegality (whether as a matter of U.S., foreign, or international law) of official action by a foreign sovereign performed within its own territory." *In re Vitamin C Litig.*, 810 F. Supp. 2d 522, 546 (E.D.N.Y. 2011). On a motion to dismiss, application of the act-of-state doctrine "must be made on the basis of the pleadings alone." *Konowaloff v. Metro. Museum of Art*, 2011 WL 4430856, at *5 (S.D.N.Y. 2011) (quoting *Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 754-55 (S.D.N.Y. 2004)), *aff'd*, 702 F.3d 140, 145-46 (2d Cir. 2012).

No cause of action in this suit can be decided without first establishing whether the circulars and presidential orders referenced in the complaint, *see e.g.*, Compl. ¶ 2, constituted illegal taxes in Haiti. The act-of-state doctrine precludes U.S. courts from making precisely this type of assessment. *Kashef v. BNP Paribas SA*, 316 F. Supp. 3d 770, 777-78 (S.D.N.Y. 2018).

**The Amended Complaint Should Be Dismissed on the Basis of *Forum Non Conveniens*.** In deciding a motion of *forum non conveniens*, the Court should "(i) determine the degree of deference to be accorded the plaintiff's choice of forum; (ii) determine whether an adequate alternative forum to entertain plaintiff's claims exists; and (iii) balance the private and public interest factors identified by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)." *Base Metal Trading Ltd. v. Russian Aluminum*, 98 F. App'x 47, 49 (2d Cir. 2004).

Here, all three prongs point clearly to dismissal. In particular, the private *Gilbert* factors will weigh heavily in favor of a Haitian court, as many of the relevant acts took place in Haiti, key witnesses are Haitian citizens, documentary evidence (such as financial, contractual and legislative information) will be located in Haiti, and the case will turn on the adoption and validity of a Haitian tax. *See* Compl. ¶¶ 20-22, 27-30, 36-48, 74, 94, 129-40, 145. The public factors also favor dismissal, as the Haitian justice system would have a much greater interest in the outcome of the lawsuit and would be best positioned to interpret Haitian law.

                 \*      \*      \*

Based on the foregoing, Digicel Haiti respectfully submits that there are multiple grounds on which the Amended Complaint should be dismissed with prejudice. Given the numerous bases for dismissal, motions based on the various arguments summarized above could be sequenced in a manner that is convenient to the Court and the parties.

Respectfully yours,

*/s/ James H.R. Windels*

James H.R. Windels

cc:     All counsel of record (by ECF)