# FISHKIN LUCKS

Andrew P. Fishkin<br>
afishkin@fishkinlucks.com

March 14, 2019

via ECF
Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Celestin v. Martelly*, 18-cv-7340-LDH-PK

Dear Judge DeArcy Hall:

On behalf of defendant The Western Union Company ("Western Union"), we write pursuant to Your Honor's Individual Practice III.A. to request a pre-motion conference regarding Western Union's contemplated motion to dismiss with prejudice plaintiffs' amended complaint.

This action should be dismissed on the basis of *forum non conveniens* because it belongs in Haiti, which by far has the greatest interest in its outcome and is the primary source of essential witnesses and documents. Indeed, the fundamental issues in the case are the legality under Haitian law of a fee imposed by The Bank of the Republic of Haiti—a Haitian government entity—on money transfers to and from Haiti, and how the proceeds of that fee were used in Haiti. Plaintiffs allege that Western Union, in passing along the mandated $1.50 fee, misrepresented to plaintiffs (and a putative class) that the fee was valid under the Haitian Constitution and would be used to fund Haitian public education. *See* Docket No. 15 ¶¶ 33, 89.

In addition, this Court can dismiss the amended complaint with prejudice because (i) the act-of-state doctrine bars any inquiry into the propriety of a fee levied by a foreign government; (ii) plaintiffs do not satisfy the pleading requirements of Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure; and (iii) plaintiffs fail to state any viable claim, meriting dismissal under Rule 12(b)(6).

<u>The Amended Complaint Should be Dismissed on the Basis of *Forum Non Conveniens*</u>
Western Union is entitled to dismissal based on *forum non conveniens* because (i) plaintiffs' choice of forum is entitled to only limited deference, (ii) Haiti is an adequate alternative forum, and (iii) the relevant public and private interest factors weigh heavily in favor of the action proceeding in Haiti. *See Acosta v. JPMorgan Chase & Co.*, 219 F. App'x 83, 86 (2d. Cir. 2007) (discussing *forum non conveniens* factors).

Hon. LaShann DeArcy Hall
March 14, 2019
Page 2

While the general rule is that United States citizens are afforded significant deference in their choice of forum, Second Circuit cases hold that plaintiffs' choice is a "less significant consideration" in a putative class action, where each plaintiff has only a "small direct interest" in the case. *E.g.*, *Warrick ex rel. Warrick v. General Electric Co.*, 70 F.3d 736, 741 n. 7 (2d Cir.1995); *Gilstrap v. Radianz Ltd.*, 443 F. Supp. 2d 474, 479 (S.D.N.Y. 2006), *aff'd*, 233 F. App'x 83 (2d Cir. 2007). In opposition to other defendants' requests for pre-motion conferences, plaintiffs have incorrectly argued that the general rule applies and have ignored the class action exception. *See* Docket Nos. 43, 50.

Western Union can also overcome the low bar to demonstrate that Haiti is an adequate alternative forum. "An alternative forum is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 75 (2d Cir. 2003). Western Union would submit to jurisdiction in Haiti for the purposes of this action and presumes that the other defendants that submitted pre-motion letters on *forum non conveniens* would do the same. The four Haitian defendants—including the Haitian government, Haiti's president, and its two former presidents—are of course already subject to jurisdiction in Haiti.

Furthermore, Haitian courts can adjudicate the subject matter of this litigation. Plaintiffs argue (at Docket Nos. 43 and 50) that defendants cannot meet this requirement because Haiti does not have a class action mechanism. Western Union will demonstrate that this is not true, but even if it were, it would be irrelevant to the analysis. *Gilstrap*, 443 F. Supp. 2d at 482 (it is "well-established . . . that the unavailability of . . . class actions . . . does not render a foreign forum inadequate"). Nor can plaintiffs challenge Haiti's ability to adjudicate this litigation based on unparticularized concerns about instability and corruption. *See* Docket Nos. 43, 50. The Second Circuit holds that it is not for this Court to "assume the responsibility for supervising the integrity of the judicial system of another sovereign nation." *Blanco v. Banco Indus. de Venezuela, S.A.*, 997 F.2d 974, 982 (2d Cir.1993) (finding Venezuela an adequate forum despite "systemic corruption, delay and expense . . . as well as political instability in that country").

Finally, the public and private interest factors strongly favor dismissal. Regarding the private factors, all sources of proof concerning the legality of the Haitian fee and the beneficiary of its proceeds, including The Bank of the Republic of Haiti and its officials, relevant Haitian government officials, and their documents, are in Haiti. There is no effective mechanism by which to compel these witnesses to testify in this matter or by which their documents may be efficiently secured. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 74 (2d Cir 2001) (discussing private interest factors). Regarding the public interest factors, (i) the propriety and purpose of a Haitian fee imposed and collected in Haiti is of far greater interest to citizens of Haiti than it is to United States citizens, and (ii) a United States court ought not to (and in fact, as discussed below, may not) decide the constitutionality of a Haitian fee. *See id.* (discussing public interest factors).

<u>The Amended Complaint Also Fails under the Act-of-State Doctrine</u>
The constitutionality of a Haitian fee implemented and collected in Haiti—upon which plaintiffs' claims are predicated—is precisely the type of issue United States courts may not adjudicate

Hon. LaShann DeArcy Hall
March 14, 2019
Page 3

under the act-of-state doctrine. *In re Vitamin C Litig.*, 810 F. Supp. 2d 522, 546 (E.D.N.Y. 2011) ("The doctrine directs United States courts to refrain from deciding a case when the outcome turns upon the legality or illegality . . . of official action by a foreign sovereign performed within its own territory."). Plaintiffs challenge the applicability of the act-of-state doctrine by citation to a Ninth Circuit case, *Liu v. Republic of China*, 892 F.2d 1419 (9th Cir. 2005). Docket No. 50. In *Liu*, the doctrine did not apply because the so-called act of state was a Taiwanese military official's assassination of a United States citizen, in the United States. Here, in contrast, the act of state is Haiti's enactment of a fee, in Haiti, the proceeds of which were applied in Haiti. Under the facts in *Liu*, the Court could make a ruling without impacting Taiwan's sovereignty; here, this Court would be unable to rule on the claims without impinging upon Haitian sovereignty.

The Amended Complaint Also Fails under the FRCP
For the reasons set forth in the pre-motion letter of defendant Unigestion Holding, S.A., Docket No. 48, plaintiffs' amended complaint also fails under the pleading standards in Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure, and because it fails to state a claim under Rule 12(b)(6).

One stark example of plaintiffs' failed attempt to articulate their fraud-based claims with even a semblance of particularity, as required under Rule 9(b), is their allegation that

> Defendants have falsely promoted and marketed at all relevant times in Haitian Newspapers, Haitian Radio and throughout the USA the collected fees and taxes and have done everything to hide the true purpose behind the $1.50 and $0.05 fees collected.

Docket No. 15 ¶ 145. Absent from this allegation (and every other allegation in the amended complaint) is what, precisely, Western Union (as opposed to any other defendant) represented, to whom, how, where, and when.

***

For these reasons, Western Union respectfully submits that the amended complaint may be dismissed as to them, with prejudice, on any one or more of several grounds. Western Union is prepared to proceed on any one or each of those grounds.

Respectfully submitted,

*/s/ Andrew P. Fishkin*
Andrew P. Fishkin

cc:    all counsel of record (via ECF)