# MARCEL P. DENIS

### D E N I S   L A W   G R O U P,  P L L C

9602 Avenue L
Brooklyn, New York 11236
Telephone (404) 977-9733
Email: mdcounsel@gmail.com

March 15, 2019

<u>**Via ECF**</u>
Judge LaShann DeArcy Hall
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Celestin, et al v. Martelly, et al; Case No. 1:18-cv-07340-LDH-PK**

Your Honor:

Plaintiffs oppose Defendant Unigestion Holding, S.A.'s (dba "Digicel-Haiti" and "Digicel USA") request for a pre-motion conference regarding its intended motion to dismiss the above referenced matter based on "pleading deficiencies" pursuant to FRCP 9(b), FRCP 8(a)(2), failure to state a claim under FRCP 12(b)(6), *forum non conveniens,* and act-of-state.

Unigestion Holding, like Defendants CAM and Unitansfer, represents to the Court that Plaintiffs' recitation of the facts "includes rambling, unintelligible factual allegations and cites to a variety of unrelated statutes and legal claims," as such, Digicel is unable to decipher its wrongful conduct(s) from the "impermissible group pleading in both [Plaintiffs'] factual allegations, [], and their assertion of legal claims."  Such representations of the facts are erroneous at best. The Complaint is not only compartmentalized, it also contains captions with each Defendant's name apprising them of their respective participation in the fraudulent scheme. And, since Unigestion Holding failed to articulate the statutes and legal claims that are unrelated, Plaintiffs will address the applicability of the Sherman Act. Unigestion Holding was "*knee deep*" in the conception of the conspiracy resulting in defrauding citizens and residents of the United States of hundreds of millions of dollars in violation of the Sherman Act. "The Sherman Act bans '[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States[.]' 15 U.S.C. § 1. The crucial question in a Section 1 case is [] whether the challenged conduct stems from independent decision or from an agreement, tacit or express.'" In *In re Interest Rate Swaps Antitrust Litigation*, 261 F.Supp.3d 430, 461 (2017)[1]. The Court, in examining a complaint identical to the one at bar, held that "[to] plausibly allege a Sherman Act § 1 conspiracy, a complaint must allege 'enough factual matter (taken as true) to suggest that an [illegal] agreement was made,' that is, 'enough fact to raise a reasonable expectation that discovery

---

[1] See *Starr v. Sony BMG Music Ent'm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Theatre Enters., Inc. v. Paramount Film Distrib. Corp*., 346 U.S. 537, 540, 74 S.Ct. 257, 98 L.Ed. 273 (1954).

will reveal evidence of illegal agreement.'[2] The Court held further that "The ultimate existence of an 'agreement' under antitrust law ... is a legal conclusion, not a factual allegation."[3] The Complaint as pleaded set forth "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." And, because the existence of an agreement under antitrust law is a legal conclusion, dismissal at this early stage is unwarranted and in contravention of legal precedent.

**Defeating A Rule 12(b) Motion in the Second Circuit-**To overcome a motion to dismiss at the pleading stage in the Second Circuit, Plaintiffs must either allege "direct evidence that the defendants entered into an agreement in violation of the antitrust laws" or "Plaintiff[s] may rely on indirect or circumstantial evidence, that is, "inferences that may fairly be drawn from the behavior of the alleged conspirators." In *In re Interest Rate* at 461[4]. The Complaint, as pleaded, established enough indirect and circumstantial evidence for the Court to draw inferences from since 'conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court ... with precision.' *Id*.[5] However, in the case of Unigestion Holding, Plaintiffs uncovered a New York Times article published on January 6, 2012[6], together with two videos, one in English and one in Haitian, in which Defendants Martelly and Denis O'Brien, the owner of Unigestion Holding, "laid bare" the conspiracy. According to the New York Times article, Mr. O'Brien, "spoke enthusiastically about plans by Haiti's president, Michel Martelly, to finance his program to provide free primary school education to all Haitian children with fees on cellphone calls and remittances." Based on the article, Unigestion Holding knew that the fees were illegal because its senior management opposed participation, but Mr. O'Brien, "who knew the charges would be unpopular with customers, [] regarded them as an innovative means of raising needed revenue and a promising sign of government resolve." Mr. O'Brien knew that the imposition and collection of the fees were unlawful.[7]

As for the videos[8], they reveal that Defendant Martelly and the other Defendants entered into the horizontal price fixing agreement long before Defendant Martelly took office as president of Haiti. According to both videos, Defendant Martelly approached the other Defendants and asked them to fix the price on transfers and telephone calls and they all agreed. In the video with Mr. O'Brien,

---

[2] Quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).

[3] Quoting *Mayor and City Council of Baltimore v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) ("Citigroup").

[4] Citing *Anderson News, LLC v. American Media, Inc.*, 680 F.3d 162, 183 (2d Cir. 2012) (quoting *Michelman v. Clark–Schwebel Fiber Glass Corp*., 534 F.2d 1036, 1043 (2d Cir. 1976)); *see also In re Elec. Books Antitrust Litig*., 859 F.Supp.2d 671, 681 (S.D.N.Y. 2012).

[5] Quoting *United States v. Snow*, 462 F.3d 55, 68 (2d Cir. 2006). *See also* Citigroup, 709 F.3d at 136.

[6] The article can be accessed at https://www.nytimes.com/2012/01/07/business/digicels-denis-obrien-helps-rebuild-haiti.html. Last viewed March 14, 2019 at 7:01pm.

[7] Unigestion Holding in its answer letter dated November 5, 2018 to Plaintiffs demand letter admitted collecting the funds and turned them over to the Haitian Government under the pretext of a tax law.

[8] The videos are of press conferences held by Martelly. The press conference held with Denis O'Brien can be accessed at https://www.youtube.com/watch?v=Y-1QWplTp1s. Last viewed March 14, 2019 at 7:30pm. The video in Haitian can be accessed at https://www.youtube.com/watch?v=LIUW-N5xn-Q. Last viewed March 14, 2019 at 7:45. A translated transcript together with the videos will be submitted with Plaintiff's motion for leave to amend.

Defendant Martelly exclaimed that the Government has money to educate 900,000[9] homeless children; and that they did not need the funds generated from the increased fees from telephone calls and remittances. Nevertheless, they continue to collect the money. While the New York Times termed the collected funds as fees, both Defendant Martelly and Mr. O'Brien refer to them as taxes. Thereby, Defendants misled the consumers to believe that they have no choice but to pay the added fees; hence, depriving them of their property. Unigestion Holding is the only company linking international calls to Haiti through one of its subsidiaries known as Digicel U.S.A.[10] US consumers have no option but to use Unigestion Holding to call Haiti. Further, Digicel sold calling cards throughout the state of New York. Prior to the conspiracy, the cards used to provide a certain number of minutes which has significantly been reduced by the additional US$0.05 per minute.

The newly discovered evidence nullifies Defendant Unigestion Holding's argument under N.Y. Gen. Bus. Law § 349. As the *In re Interest Rate* Court held, "[t]here is no heightened pleading standard in antitrust cases."[11] "Rather, at the pleading stage, plaintiffs need only 'raise a reasonable expectation that discovery will reveal evidence of illegality.'[12] Plaintiffs' amended Complaint meets such a standard.

Responding to Unigestion Holding's *forum Non-Conveniens* and *Act-of-State* doctrine arguments, Plaintiffs incorporate herein and make a part hereof by reference the responses filed in opposition to Unitransfer U.S.A. and CAM's pre-conference motions. See Docket Nos. 43, 50. Mr. Denis O'Brien knows far too well the state of the tribunals in Haiti. Answering to a charge of bribery to secure a license in Haiti, Mr. O'Brien "denounced [and dismissed] the tribunal as a sham." Mr. O'Brien never stood trial and the charge(s) simply evaporated. Haiti, Unigestion Holding's most lucrative market, would indeed be a convenient forum for all parties, except the Plaintiffs. As to the act-of-state argument, it too is meritless because the wrongful conducts complained of occurred in the United States. *Liu v. Republic of China*, 892 F.2d 1419 (9th Cir. 1989), cert. dismissed, 497 U.S. 1058 (1990).

Contrary to Defendants assertion that they are all impermissibly lumped together thereby deprived of fair notice of their wrongful conducts, Plaintiffs took the care to devote a section to each Defendant and provided them with the factual basis to distinguish their conduct.[13] Plaintiffs submit that a liberal reading of the amended complaint demonstrates that Plaintiffs have a viable claim against all defendants. As such, Defendant Unigestion Holding's motion must be denied.

Respectfully,

/S/ Marcel P. Denis

---

[9] The 900,000 children figure contradicts the 500,000 figure that Defendant Martelly announced in his press conference on April 26, 2011.

[10] See UNIGESTION HOLDING, S.A., a foreign corporation, d/b/a DIGICEL HAITI, vs. UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC filed in IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON under Case No. 3:15-cv-185SI. How hypocritical of Unigestion Holding to sue in US courts for the same thing that Plaintiffs alleged; yet claiming that the present forum is *non-conveniens*.

[11] Citing *Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 52 (2d Cir. 2016).

[12] Quoting Mayor and City Council of Baltimore v. Citigroup, Inc., 709 F.3d 129, 135 (2d Cir. 2013) ("Citigroup").

[13] *See Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir.2001). *See also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995)).

cc: All Counsel of Record via ECF