
Kieran Corcoran
212.763.8491 **DIRECT**
212.763.8304 **DIRECT FAX**
kieran.corcoran@stinson.com

April 3, 2019

*Via ECF*

The Honorable LaShann DeArcy Hall
United States District Court - Eastern District of New York
225 Cadman Plaza East, Courtroom 4H North
Brooklyn, New York 11201

    Re:    ***Odilon S. Celestin, et. al. v. Michel Joseph Martelly, et. al.*, 18-CV-7340-LDH-JO;**
             **Pre-Motion Letter for Defendant Unibank, S.A.'s Motion to Dismiss**

Your Honor:

        Pursuant to Section III.A. of your Individual Practices, Unibank, S.A. ("Unibank") requests a pre-motion conference regarding its intended motion to dismiss. Unibank's primary basis for dismissal is this Court's lack of personal jurisdiction over Unibank. In the interests of judicial efficiency and conservation of resources, Unibank requests the Court enter a briefing schedule allowing it to address personal jurisdiction first, and providing for briefing of the other grounds for dismissal only if the Court finds there is personal jurisdiction.

        The lack of personal jurisdiction is readily shown. Unibank is a Haitian bank that neither owns property nor has a branch in New York. It has not engaged in any conduct to fall within New York's long arm personal jurisdiction statute (N.Y.C.P.L.R. § 302(a)), or establish the required minimum contacts to satisfy the due process constitutional requirements for the exercise of personal jurisdiction.[1] Unibank has no contacts with New York, let alone the "'continuous and systematic course of doing business' in New York that 'warrant[s] a finding of [a foreign corporation's] presence' in the state,'" as is required for plaintiffs to establish general jurisdiction.[2] Plaintiffs do not contradict these facts or allege such contacts.

        Plaintiffs have failed to make a prima facie showing of jurisdiction over Unibank and cannot base jurisdiction over Unibank on Unitransfer USA, Inc.'s ("Unitransfer") alleged contacts with New York.

---

[1] *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (explaining that to satisfy due process a defendant must have "purposefully established 'minimum contacts' in the forum State," so that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.") (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) and *World-Wide Volkswagen Corp.* v. *Woodson*, 444 U.S. 286, 295-97 (1980).); *Fort Knox Music, Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000) (explaining that N.Y.C.P.L.R. § 302(a) "allows jurisdiction only over a defendant who has 'purposefully availed himself of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws.'") (quoting *Parke-Bernet Galleries v. Franklyn*, 308 N.Y.S.2d 337, 341 (N.Y.1970) (internal quotation marks omitted).

[2] *Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*, 560 F. App'x 52, 55 (2d Cir. 2014)

> [T]he presence of the subsidiary alone does not establish the parent's presence in the state. … For New York courts to have personal jurisdiction… the subsidiary must be either an "agent" or a "mere department" of the foreign parent …
>
> [I]t may be extremely difficult. . . to make a *prima facie* showing of jurisdiction over a foreign corporation . . . That, however, is the consequence of the problems inherent in attempting to sue a foreign corporation that has carefully structured its business so as to separate itself from the operation of its wholly-owned subsidiaries in the United States – as it properly may do. . . . [I]t would be inappropriate for us to deviate from [the jurisdictional rules] or to create an exception to them because of the problems plaintiffs may have in meeting their somewhat strict standards.[3]

Plaintiffs do not and cannot allege that Unitransfer is an "agent" of Unibank because Unitransfer does not do all the business that Unibank could do if it it was in New York.[4] Unibank conducts a full variety of banking operations, whereas Unitransfer is simply a money transfer operator. Plaintiffs also do not and cannot allege facts supporting that Unitransfer is a "mere department" of Unibank. Determining whether a subsidiary is a mere department requires:

> a fact-specific inquiry . . . taking into consideration (1) common ownership . . . ; (2) the financial dependency of the subsidiary on the parent corporation; (3) the degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities; and (4) the degree of control over the marketing and operational policies of the subsidiary exercised by the parent.[5]

As to common ownership, plaintiffs conclude that Unitransfer is a wholly owned subsidiary of Unibank, but do not offer any support for this position. Unibank does not hold any direct ownership interest in Unitransfer, whose sole owner is GFN American Holdings, LLC. Unibank is the sole member of GFN American Holdings.

Even if Unibank was the sole owner of Unitransfer, this would not be enough to justify jurisdiction.[6] Plaintiffs do not and cannot allege facts showing that Unitransfer cannot function without the financial support of Unibank, as required for financial dependency.[7] Unitransfer does not receive any

---

[3] *Jazini by Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184-86 (2d Cir. 1998) (affirming dismissal for lack of personal jurisdiction where plaintiff relied on "conclusory non-fact-specific jurisdictional allegations") (quoting *Frummer v. Hilton Hotels Int'l, Inc.*, 19 N.Y.2d 533, 537, *remittitur amended*, 20 N.Y.2d 737, *and cert. denied*, 389 U.S. 923 (1967); other internal cite omitted).

[4] *See Id.*

[5] *Linde v. Arab Bank, PLC*, No. CV-04-2799 (NG)(VVP), 262 F.R.D. 136, 142 (E.D.N.Y. May 22, 2009) (internal citations omitted).

[6] *See Stutts v. De Dietrich Group*, 465 F. Supp. 2d 156, 169 (E.D.N.Y. 2006) (dismissing for lack of personal jurisdiction, and stating "[w]hile both parties agree that DDPS-INC is a wholly-owned subsidiary of DDPS-SA, thus demonstrating common ownership, plaintiffs fail to refute [that] the . . . other aspects of control are absent")

[7] *See Gallelli v. Crown Imps., LLC*, 701 F. Supp. 2d 263, 273-74 (E.D.N.Y. 2010); *Morse Typewriter Co., Inc. v. Samanda Office Commc'ns Ltd.*, 629 F. Supp. 1150, 1153 (S.D.N.Y. 1986).

financial support from Unibank, retains its own profits, has control over its own finances, and reports its own financial statements.

Plaintiffs also do not and cannot allege any facts showing that Unibank controls Unitransfer's books and records, is involved in selecting Unitransfer's executives, or otherwise ignores corporate formalities. To the contrary, Unitransfer keeps its own books, has its own board and board meetings, and pays its own executives; and, a google search would show that Unitransfer files its own federal tax returns. These factors show Unitransfer is not a mere department.[8]

Finally, plaintiffs do not and cannot allege that Unibank has any control over Unitransfer's day-to-day operations. Unibank and Unitransfer each have their own completely separate computer and phone systems, cannot access the other's computer systems, and have separate customer records and accounts. Importantly, Unitransfer designs and pays for its own advertising and promotional materials, including its website, and its own banking transactions forms, without parental interference. These factors further establish that Unitransfer is not a mere department.[9]

Similarly, plaintiffs do not and cannot allege that (1) Unitransfer's alleged activities in New York were "'for the benefit'" of Unibank, (2) and with Unibank's "'knowledge and consent,'" and (3) Unibank "exercised some 'control' over" Unitransfer in this matter, as is necessary for specific jurisdiction under N.Y.C.P.L.R. § 302(a).[10] Unibank has not received any funds or profits from Unitransfer in relation to the activities alleged in this lawsuit.

Since the amended complaint is devoid of the requisite allegations for personal jurisdiction, the Court should dismiss this case as it relates to Unibank on this basis. Should Unibank's personal jurisdiction argument be denied, Unibank would adopt the grounds for dismissal raised by other defendants including, the act of state doctrine, the Court's inability to rule on the procedural compliance of a foreign nation with their own laws, forum non conveniens, failure to meet minimum pleading standards, and grounds specific to each claim (including the failure of all claims under California law because Unibank does not conduct business in California, the claims for conversion and under Florida's civil theft statute because the consent of Plaintiffs to the fees at issue precludes theft and conversion, and unjust enrichment as Unibank received no benefit). Unibank requests to brief these grounds, if needed, after personal jurisdiction is decided. If the Court prefers to hear all grounds in one motion to dismiss, Unibank requests by this letter permission to do so. Accordingly, Unibank requests a pre-motion conference, seeks leave to move to dismiss the claims against it, and requests that the issue of personal jurisdiction be briefed and addressed before the other grounds for dismissal of each claim are briefed.

---

[8] *Stutts*, 465 F. Supp. 2d at 164-65.

[9] *Linde* 262 F.R.D. at 144 (finding subsidiary was not a department where, among other things (1) "[t]he two entities have separate computer and phone systems, and the computer systems cannot access each other[, (2)] [t]hey also maintain separate customer records and accounts . . . and lack access to each other's customers' information[, (3) the subsidiary] designs and pays for its own advertising and promotional materials, including its website, as well as its own forms for banking transactions, without parental interference")

[10] *Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2018 U.S. Dist. LEXIS 152237, at *45-47 (S.D.N.Y. Sep. 4, 2018) (quoting *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (N.Y. App. 1988)). The *Joint Stock* court elaborated that "[e]ven where the alleged foreign principal is the parent company (or an officer) of the in-state agent, none of the necessary factors — benefit, consent, control — may be assumed; all must be specifically alleged or, after jurisdictional discovery, factually supported." *Id*. at *46-47; *see also Powell v. Monarch Recovery Mgmt.*, 2016 U.S. Dist. LEXIS 7728, at *6 (E.D.N.Y. 2016) (finding conclusory allegations insufficient to establish the requirements of specific jurisdiction which include conducting business in the state and the claim at issue deriving from such business).

Respectfully submitted,


Stinson Leonard Street LLP
/s/ Kieran M. Corcoran
Kieran M. Corcoran (KC4935)
kieran.corcoran@stinson.com

-and-

Paul D. Turner, *Pro Hac Vice*
Perlman, Bajandas, Yevoli & Albright

**Attorneys for Defendant Unitransfer USA, Inc.**

cc: All Counsel of Record via ECF