# RODNEY R. AUSTIN PLLC
**ATTORNEYS AT LAW**
61-43 186th Street
Fresh Meadows, New York 11365
TEL 718 475 2119  FAX 877 586 7490
rodney@raustinlaw.com

April 7, 2019

<u>Via ECF</u>
Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Celestin, et. al. v. Martelly, et. al; Case No. 18-cv-7340

Dear Judge DeArcy Hall:

  Plaintiffs oppose Unibank, S.A.'s ("Unibank") request for a pre-motion conference for its intended motion to dismiss for lack of personal jurisdiction, and a further briefing schedule for other grounds for dismissal should the Court find that there is personal jurisdiction over Unibank in the above referenced matter.  The Court should deny this request.

  In the Second Circuit, to defeat a pre-discovery motion to dismiss predicated upon lack of personal jurisdiction, Plaintiffs "need make only prima facie showing that jurisdiction exists;"[1] and, absent "an evidentiary hearing on the jurisdictional allegations, or a trial on the merits, all pleadings and affidavits are construed in the light most favorable to the plaintiff, and where doubts exist, they are resolved in the plaintiff's favor."[2] Moreover, "personal jurisdiction over a defendant in a diversity action is determined by reference to the law of the jurisdiction in which the court sits."[3]. Plaintiffs submit that the allegations contained in Plaintiffs' amended complaint establish a prima facie case that this Court's personal jurisdiction over defendant Unibank is proper.  Moreover, Plaintiffs intend to establish that this Court has specific personal jurisdiction over Unibank pursuant to NYCPLR §302 (a)(1); (a)(3)(i) and (ii).

  NYCPLR § 302 (a)(1), states in part that a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent: "transacts any business within the state or contacts anywhere to supply good or services in the

---

[1] *Hoffritz For Cutlery, Inc. v. Amajac, Ltd*., 763 F.2d 55, 57 (2d Cir.1985).

[2] *Id* at 57.

[3] Id at 57. Citing *United States v. First National City Bank*, 379 U.S. 378, 381–82 (1965) and Arrowsmith v. United Press International, 320 F.2d 219, 223 (2d Cir.1963) (en banc)

Judge DeArcy Hall
April 7, 2019
Page 2

state."[4] Specific jurisdiction is met under New York long arm statute CPLR § 302 (a) (1) when the defendant has transacted business within the state and the claim arises from that business activity. *Sole Resorts, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006). Unibank does transact business in the state of New York through its subsidiary Unitransfer; thus, subjecting itself to personal jurisdiction in the state.

Unibank through its subsidiary, Unitransfer, has significant continuous and systematic contacts with the state of New York. The Due Process Clause requires that personal jurisdiction over a nonresident corporation be based upon "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice". *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984). Unibank uses Unitransfer as an agent so that its customers can open accounts and deposit money into their Unibank accounts. Unibank is not licensed in New York for banking transactions. Unitransfer is licensed in New York as a money transfer company, not a depository for Unibank's account holders. By allowing Unitransfer to collect deposits for Unibank accounts in New York, Unibank subject itself to the laws of the state of New York. Therefore, there is enough minimum contacts to confer personal jurisdiction.

Unibank states that Unibank does not own Unitransfer, Unitransfer's sole owner is GFN American Holdings, LLC ("GFN") and Unibank is the sole member of GFN American Holdings. The Court cannot rely on the statements made by Unibank or Unitransfer without evidentiary proof as Unitransfer and Unibank through their representations to the Court are prone to material misrepresentations. On January 16, 2019 Unitransfer filed corporate disclosures as docket # 10, stating that Unibank is its parent company. On April 3, 2019, Unitransfer amended its corporate disclosure statement indicating that GFN American Holdings, LLC is the sole owner of Unitransfer and Unibank is the sole member of GFN American Holdings LLC. *See* docket # 57. This filing raises significant questions as to whether Unibank is attempting to create a buffer between itself and Unitransfer to limit liability by inserting a holding company between Unibank's ownership of Unitransfer; or is the sole purpose to mislead the Court to deny personal jurisdiction over Unibank by claiming that GFN is the sole owner of Unitransfer. The question is when did GFN become the sole owner of Unitransfer and under what circumstances?[5] Unibank still own both companies according to Unibank's letter to the Court seeking a pre-motion conference.

---

[4] NYCPLR Sec. 302 (a) (2) confer jurisdiction when a non-domiciliary commits a tortious act within the state, except as to a cause of action for defamation or character arising from the act.

[5] "A significant influence exists if the Group (Unibank and Subsidiaries) controls between 20%-50% of the voting rights of an entity." Page 18 of Unibank's 2017 audit.

Unibank's 2017 audit[6] states in part: "Unibank S.A. directly or through its subsidiaries offers banking and financial services to its individual, commercial and institutional clients, using its national and international networks of … authorized money transfer representatives in United States and Canada.[7]  This is a clear indication that Unibank has subjected itself to personal jurisdiction.  In addition, Unibank lists its shareholdings in its subsidiaries grouped by sector. Unitransfer (money remittance company) 100%.  Unibank's audit contradicts the argument it is now attempting to make that it is not subjected to personal jurisdiction in New York because it does not own Unitransfer.

Based on recently discovered evidence, we can confidently state that Unitransfer is an agent of Unibank in the state of New York.[8]  As previously stated, Unibank uses Unitransfer to make direct deposits from its customers in the United States into their personal Unibank Accounts in Haiti while charging them the US$1.50. Such deposits can only be achieved if they share computer and phone systems. In addition, Unibank offers online banking to facilitate its customers, particularly those in New York, to open accounts and conduct online banking.  As such, Unibank's conduct with the forum state is such that it should be reasonably anticipate being hauled into Court there.[9]  Thus, this Court has both specific personal and general jurisdiction over Unibank S.A.

Plaintiffs specifically request that the Court grants them permission to conduct limited discovery on the issue of personal jurisdiction with regards to Unibank if the Court is not inclined to deny Unibank's request. Said discovery will likely produce further and concrete evidence that the Court's personal jurisdiction over Unibank is proper. This Court would be well within its discretion to grant Plaintiffs jurisdictional discovery.

Plaintiffs raise the same arguments in opposition to the grounds of dismissal Unibank is adopting that were raised by other Defendants as unwarranted and legally baseless.  Those grounds include: *forum non conveniens*, act-of-state doctrine, and failure to meet minimum

---

[6] "Matters outside the pleadings, however, may also be considered in resolving a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) without converting it into one for summary judgment." *See Visual Sciences, Inc. v. Integrated Communications, Inc*., 660 F.2d 56, 58 (2d Cir.1981); *John Hancock Property and Casualty Ins. Co. v. Universale Reinsurance Co., Ltd*., No. 91 Civ. 3644, 1992 WL 26765, at *6 (S.D.N.Y. Feb. 5, 1992).

[7] Unibank's 2017 audit lists all its subsidiaries and its ownership stakes in each subsidiary.

[8] Plaintiffs will seek the Court's permission to amend the complaint to allege additional violations of New York State laws by Unitransfer and Unibank and also to establish that Unitransfer is an agent of Unibank.

[9] A defendant's conduct and connection with the forum state are such that he should reasonably anticipate being hauled into court there. *World-Wide Volskwagen Corp. v. Woodson*, 444 U.S. 286 (1980); *see also Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119,1124 (1997)*(The likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.)

Judge DeArcy Hall
April 7, 2019
Page 4

pleading standards. Plaintiffs will seek the Court's permission to amend the complaint considering the significant new evidence that were discovered and are germane to this case. Accordingly, Plaintiffs request that jurisdictional discovery be granted prior to a briefing schedule to address Unibank's claim of lack of personal jurisdiction or any other ground upon which they seek to dismiss this matter if the Court is not inclined to deny Unibank's request.

Respectfully submitted,

/S/ Rodney R. Austin_____
Rodney R. Austin (R8836)
cc: All Counsel of Record via ECF