UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODILON S. CELESTIN, WIDMIR ROMELIEN, MARIE LUCIE ST VIL, GORETTIE ST VIL, JEANNETTE VALEUS, GUETTY FELIN, HERVE COHEN, and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br> - against -<br><br>MICHEL JOSEPH MARTELLY, JOCELERME PRIVERT, JOVENEL MOISE, THE WESTERN UNION COMPANY, d/b/a Western Union Holdings, Inc, Western Union Financial Services, Inc., and through other subsidiaries and affiliates, CARIBBEAN AIR MAIL, INC., d/b/a CAM, UNIBANK, S.A, UNITRANSFER USA, INC., UNIGESTION HOLDING, S.A., d/b/a DIGICEL HAITI, NATCOM S.A., and THE GOVERNMENT OF HAITI,<br><br>     Defendants. | 18-cv-7340 (LDH) (PK) |

## DECLARATION OF CARIBBEAN AIRMAIL, INC.

I, Jean Claude Dierickx, declare as follows:

 1. I am the President of Caribbean Airmail, Inc. ("CAM"), a defendant in the above-referenced litigation. I submit this declaration in support of CAM's motion to dismiss plaintiffs' second amended complaint (see ECF 62) based on the "act of state" doctrine and *forum non conveniens*. This declaration is based on my personal knowledge.

 2. CAM is engaged in business as a licensed money transmitter.

 3. CAM's money transfer services allow a customer located in the United States to send money to a beneficiary located abroad in one of the territories that CAM serves. Relevant here, CAM's service territory includes remittances made to and from Haiti.



4. Pursuant to state laws, CAM has appointed a network of agents to operate on its behalf in the United States. CAM's agents collect the funds to be remitted from customers and remit those funds to CAM who then forwards the funds to affiliates and third parties located abroad for delivery to beneficiaries. CAM's international affiliate or third party then tenders the money to the customer's designated beneficiary. With respect to remittances made to Haiti, CAM's remittances are sent to CAM's Haitian affiliate, Caribbean Center S.A.

5. It is my understanding that this litigation concerns the validity of two fees imposed by the Government of Haiti, specifically, a $1.50 fee on money transfers made to and from Haiti and a $0.05 fee on international phone calls made to and from Haiti.

6. Since 2011, when the Government of Haiti imposed the $1.50 fee on money transfers made to Haiti, CAM's Haitian affiliate, Caribbean Center S.A., has been paying the fees directly to the Bank of the Republic of Haiti. Records concerning the fees paid by Caribbean Center S.A. to the Bank of the Republic of Haiti are exclusively located in Haiti. CAM's United States agents do not have information regarding the funds remitted to the Bank of the Republic of Haiti. Many if not all of these records are written in French and/or Haitian Creole.

7. CAM and Caribbean Center S.A. do not retain any portion of the $1.50 fee imposed by the Government of Haiti.

8. CAM and Caribbean Center S.A. are represented by counsel licensed in Haiti. CAM has also retained the law firm of Cabinet Salès and attorney Jean-Frederic Salès to prepare a declaration setting forth the availability and adequacy of Haitian courts to serve as an alternative forum to hear this dispute.



9. For the foregoing reasons, and for the reasons set forth in defendants' joint memorandum of law in support of their motion to dismiss, I respectfully request that the Court grant defendants' motion and dismiss plaintiffs' second amended complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Miami, FL  
May 14, 2019

CARIBBEAN AIRMAIL, INC.

By: _____  
Jean Claude Dierickx  
*President*