UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODILON S. CELESTIN, WIDMIR ROMELIEN, MARIE LUCIE ST VIL, GORETTIE ST VIL, JEANNETTE VALEUS, GUETTY FELIN, HERVE COHEN,, and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>                     - against -<br><br>MICHEL JOSEPH MARTELLY, JOCELERME PRIVERT, JOVENEL MOISE, THE WESTERN UNION COMPANY, d/b/a Western Union Holdings, Inc, Western Union Financial Services, Inc., and through other subsidiaries and affiliates, CARIBBEAN AIR MAIL, INC., d/b/a CAM, UNIBANK, S.A., UNITRANSFER USA, INC., UNIGESTION HOLDING, S.A., d/b/a DIGICEL HAITI, NATCOM S.A., and THE GOVERNMENT OF HAITI,<br><br>                              Defendants. | 18-cv-7340 (LDH) (PK)<br><br>ECF CASE<br><br>**DECLARATION OF GERARD LABORDE** |

GERARD LABORDE declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true:

1.      I am the Head of Legal Regulatory and Corporate Affairs at Unigestion Holding, S.A., doing business as Digicel Haiti.  I have held this position since November of 2012.

2.      I make this declaration in support of Digicel Haiti's motion to dismiss Plaintiffs' Second Amended Complaint, dated April 24, 2019, on the grounds that the U.S. District Court for the Eastern District of New York is an inconvenient forum for hearing the action.

A.      **Digicel Haiti**

3.      Digicel Haiti is a telecommunications company organized and incorporated under the laws of Haiti with its principal place of business in Haiti.

4.      Digicel Haiti is headquartered in Port-au-Prince, the capital of Haiti, and has an additional ten regional offices in Haiti.  Digicel Haiti has approximately 850 employees, all of whom are employed in Haiti.

5.      Digicel Haiti does not have any offices, employees or assets in the United States.

6.      Digicel Haiti does not maintain any files or records in the United States.  Digicel Haiti's corporate records, which are primarily in French, are maintained in Haiti.

7.      Digicel Haiti's email communications, which are in French, Haitian Creole, and English, are accessible in Haiti and on servers maintained by affiliates of Digicel Haiti outside the United States.

8.      Digicel Haiti's corporate bank accounts are located in Haiti.

B.      **The International Phone Call Fee**

9.      International telecommunications traffic terminating in Haiti is subject to a $.23 per minute price floor mandated by a Presidential Decree issued on September 9, 2011 in *Le Moniteur* (publication #129).

10.     The Presidential Decree also requires that five cents of the $.23 per minute price floor must be remitted by Digicel Haiti to the Government of Haiti via CONATEL, the Haitian telecommunications regulator.

11.     During the course of my employment at Digicel Haiti I have gained knowledge of the process of implementing the price floor and remitting the fee to the Haitian government via CONATEL.

12.     The monies used by Digicel Haiti to pay the $.05 per minute fee on international phone calls terminating in Haiti are collected pursuant to agreements Digicel Haiti has entered into with carriers of international telecommunications traffic, through which Digicel Haiti charges, at minimum, $.23 per minute for international phone calls terminating in Haiti, as required by Haitian law.

13.     The $.05 per minute fee on international phone calls terminating in Haiti is remitted to the Government of Haiti by Digicel Haiti in Haiti based on a monthly report of international traffic delivered to the Haitian regulator, CONATEL, by Digicel Haiti, from which CONATEL generates an invoice.  Digicel Haiti does not and has never retained any portion of this fee.

14.     The $.05 per minute fee is not charged directly to any customer in the United States by Digicel Haiti.

15.     Digicel Haiti's records reflecting the implementation of the price floor and the remittance of the fee to the Haitian government are maintained in Haiti.

16.     Digicel Haiti's employees involved in the implementation of the price floor and remittance of the fee are employed in Haiti.

**C.      Convenience of the Forums for Litigation**

17.     Litigating this action in New York would impose on Digicel Haiti significant additional costs and burdens as compared to litigating in Haiti, including the costs of engaging and coordinating with U.S. counsel, producing documents in New York

(including translating what will likely be a large volume of documents into English), producing witnesses in New York, transporting employees generally to and from New York, and generally overseeing and participating in a complex legal proceeding in a foreign country.

Dated:   Port-au-Prince, Haiti
         May 9, 2019

                                        _____
                                        GERARD LABORDE