# Davis Polk

| | |
|---|---|
| New York | Paris |
| Northern California | Madrid |
| Washington DC | Tokyo |
| São Paulo | Beijing |
| London | Hong Kong |

**James H.R. Windels**

Davis Polk & Wardwell LLP   212 450 4978 tel
450 Lexington Avenue         212 701 5978 fax
New York, NY 10017           james.windels@davispolk.com

January 30, 2020

Re: *Celestin, et al. v. Martelly, et al.*
     No. 18-cv-7340 (LDH) (PK)

Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge DeArcy Hall:

We write on behalf of the Moving Defendants in response to Plaintiffs' letter dated January 15, 2020, requesting that the Court take judicial notice of certain Congressional hearing testimony pursuant to Fed. R. Evid. 201.

There is no reason for the Court to take notice of this irrelevant testimony. Under this Circuit's law, while the Court may take judicial notice of the fact of this testimony, it may not take judicial notice of the truth of the statements therein. *See Medtech Prods. Inc. v. Ranir, LLC*, 596 F. Supp. 2d 778, 802 n.5 (S.D.N.Y. 2008) (refusing to take judicial notice of materials from a governmental hearing because the documents were submitted "for the purpose[] of informing the Court of their contents and not simply to alert the Court of their existence"). The fact that the Congressional hearing occurred is clearly irrelevant to Moving Defendants' argument or Plaintiffs' opposition thereto, and therefore this Court is not obligated to take judicial notice of it. And in any case, the testimony itself, which focuses on a broad array of subjects relating to the Haitian political system, is also not relevant to the pending Motion to Dismiss.[1] *See Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp. 3d 599, 608 (E.D.N.Y. 2017) (declining to take judicial notice of a fact "irrelevant to the disposition of this case") (citing *United States v. Byrnes*, 644 F.2d 107, 112 (2d Cir. 1981) (upholding lower court's refusal to take judicial notice of irrelevant materials)).

Because Plaintiffs submit the testimony in question "for the purpose[] of informing the Court of [its] contents and not simply to alert the Court of [its] existence," *Medtech Prods.*, 596 F. Supp.

---

[1] Courts in this Circuit have repeatedly held that generalized claims of corruption are insufficient to show that a foreign forum is inadequate for *forum non conveniens* purposes. *See* Joint Reply Memorandum of Law in Further Support of Moving Defendants' Motion to Dismiss the Second Amended Class Action Complaint, dated June 26, 2019, at 7.

Honorable LaShann DeArcy Hall            2            January 30, 2020

2d at 802 n.5, Moving Defendants respectfully submit that the Court should deny Plaintiffs' request.

Respectfully yours,

*/s/ James H.R. Windels*

James H.R. Windels

cc:     All counsel of record (by ECF)