

Kieran Corcoran
**PARTNER**
DIRECT: 212.763.8491
OFFICE: 212.763.8491

kieran.corcoran@stinson.com

January 31, 2020

<u>VIA ECF</u>

Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Celestin, et al. v. Martelly, et al.;* No. 18-cv-7340 (LDH) (PK)

Dear Judge DeArcy Hall:

    We write on behalf of Defendant Unitransfer USA, Inc. ("Unitransfer") in response to Plaintiffs' letter dated January 15, 2020, requesting that the Court take judicial notice of certain Congressional hearing testimony pursuant to Fed. R. Evid. 201 (the "Request"). Unitransfer joins the response filed by the other Moving Defendants and submits this supplement. The testimony at issue focuses on a broad array of subjects relating to the Haitian political system. As explained in the Moving Defendants' response, the Court may take judicial notice of the fact of this testimony taking place, but it may not take judicial notice of the substance of the testimony, and therefore the Request is irrelevant. Unitransfer files this supplement because the Request is also untimely, reasonably disputable, fails to refute dismissal grounds, and contrary to principles of international comity.

    The Request should be denied also as untimely. The case of *In re Atossa Genetics Sec. Litig.*, No. C13-1836 RSM, 2014 U.S. Dist. LEXIS 142100 at \*10-11 (W.D. Wash. Oct. 6, 2014) is particularly instructive. The *Atossa* court denied a request for judicial notice as untimely because it was filed after the completion of briefing on a motion to dismiss.[1] Significantly, the request for judicial notice involved a press release issued on September 23, 2014 after the completion of briefing on August 15, 2014. *Id*. Thus, the judicial notice request was deemed untimely for being made post-briefing, even though it could not have been made before the close of briefing.[2] Likewise, in this case, the Request for Judicial Notice is improper and untimely even though its subject matter is congressional testimony from December 2019.

    The Request is also improper because the Congressional hearing testimony is subject to

---

[1] *In re Atossa Genetics Sec. Litig.*, was vacated in part on other grounds by 868 F.3d 784, 803 (9th Cir. 2017). The appellate court did not address the denial of judicial notice as untimely.

[2] *See also Judan v. Wells Fargo Bank, Nat'l Ass'n*, No. 15-cv-05029-HSG, 2017 U.S. Dist. LEXIS 114219, at \*7 (N.D. Cal. July 21, 2017) ("The Court declines to take judicial notice of this document because Defendant's supplemental request for judicial notice was filed after the briefing on the motion to dismiss was complete."); *BAC Home Loans Servicing, LP v. Hackett*, No. 3:11-cv-00416-HZ, 2013 U.S. Dist. LEXIS 147998, at \*14 (D. Or. Oct. 11, 2013) ("Hackett and Regan filed a request for judicial notice on September 25, 2013. [ ] The request is untimely, as the briefing period for the summary judgment motions has already closed.");

Honorable Lashann DeArcy Hall
Page 2

reasonable dispute, which necessarily precludes judicial notice.[3] Not only is it improper to take judicial notice of the substance of the Congressional testimony for truth of the matter asserted, it is unwarranted for the additional reason that issues raised in the Congressional hearing are not probative to an analysis under the act of state doctrine or *forum non conveniens*. The Congressional hearing does not discuss the act of Haiti in imposing money transfer or telecommunications fees at issue, and is useless in determining whether this Court can consider the legality of those fees under the act of state doctrine. As to *forum non conveniens*, Plaintiffs seek to use this Congressional hearing to support the same red herring they have repeatedly raised: to malign Haiti as purportedly corrupt. However, courts have found countries to be adequate alternative fora, even in light of far more relevant and specific evidence of corruption.[4] As such, even if judicial notice were made of the assertions in the Congressional testimony (and as shown above, it should not be), the Congressional hearing would not refute dismissal under *forum non conveniens*.

Finally, the Request is an affront to comity considerations which "preclude a court from adversely judging the quality of a foreign justice system."[5] Doing so "could retard efforts to reform foreign tribunals, but also risk[s] imposing on our judicial system the burden of serving as courtroom to the world for the adjudication of essentially foreign disputes with only nominal connections with the United States."[6]

For these reasons, Unitransfer respectfully submits that the Court deny Plaintiffs' Request.

Respectfully submitted,

**Stinson LLP**

*/s/ Kieran M. Corcoran*
Kieran M. Corcoran (KC4935)
1325 Avenue of the Americas, 27th Floor
New York, New York 10019
(212) 763.8491 (t) (212) 763.8304 (f)
kieran.corcoran@stinson.com
*Attorneys for Defendant, Unitransfer, USA, Inc.*

cc:   All counsel of record (by ECF)

---

[3] *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (quoting Fed. R. Evid. 201(b) for the principle that "courts may only take judicial notice of facts outside the trial record that are 'not subject to reasonable dispute'"). As the Second Circuit court warned, "[b]ecause the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Id.*; *see also Ujvari v. United States*, 212 F. Supp. 223, 228 (S.D.N.Y. 1963) (declining judicial notice; and explaining the Second Circuit has "admonished the District Courts against using the doctrine of judicial notice on fact questions 'to go outside the record unless the facts are matters of common knowledge or are capable of certain verification'") (quoting *Alvary v. United States*, 302 F.2d 790, 794 (2d Cir. 1962)); *Meola v. Asset Recovery Sols., LLC*, 2018 U.S. Dist. LEXIS 168022, at *9-11 (E.D.N.Y. Sep. 28, 2018) (Brodie, J.) (refusing judicial notice of factual finding from another case, and citing *Ujvari*).
[4] *See* Joint Reply in Further Support of Moving Defendants' Motion to Dismiss, and authority cited therein. D.E. 66, p. 7.
[5] *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 73 (2d Cir. 1998).
[6] *Corporacion Tim v. Schumacher*, 418 F. Supp. 2d 529, 532-33 (S.D.N.Y. 2006).