# MARCEL P. DENIS
D E N I S  L A W  G R O U P,  P L L C

9602 Avenue L
Brooklyn, New York 11236
Telephone (404) 977-9733
Email: mdcounsel@gmail.com

February 6, 2020

**Via ECF**
Judge LaShann DeArcy Hall
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Celestin, et al v. Martelly, et al;<br>Case No. 1:18-cv-07340-LDH-PK

Dear Judge DeArcy Hall:

In response to Plaintiffs' request for this Court to judicially notice a Congressional hearing testimony, Defendants attempted to advance arguments that contravened the federal rule governing judicial notice. Defendants asked this Court to deny Plaintiffs' request because the Congressional hearing testimony significantly undermines the gist of their argument in their Motion to Dismiss, which is "Haiti is the proper forum to adjudicate the matter at bar because its judicial system is wholly independent from the executive branch."[1]

Neither the doctrines nor the cases cited by Defendants require this Court to deny Plaintiffs' request for judicial notice.[2] Contrary to Defendants' assertions, the Congressional hearing testimony does not address only the Haitian political system. In fact, the first sworn speaker, Pierre Esperance-the head of RNDDH, a well-known human rights organization in Haiti, addressed the lack of independence of the Haitian judicial system. According to Mr. Esperance's testimony, the Haitian judicial system is treated as a "step-child" by the executive branch. As such, it is "underfunded and ill-equipped, consequently cannot meet the general population's need for justice." As stated above, Mr. Esperance's testimony categorically refutes Defendants' argument of Haiti being an alternative *forum*. Defendants through their assertions have made the offered Congressional hearing testimony relevant when they claimed that "Haiti's judicial system is an independent branch," although they knew then, just as now, that said argument is meritless.

As Plaintiffs argued in their original request letter, Federal Rule of Evidence 201 authorizes this Court to take judicial notice of the content of Congressional hearing testimony because it is "not

---

[1] See ¶¶ 13,14 declaration of Jean-Fréderic Salès, Defendants' expert.

[2] None of the cases cited by Defendants in opposition to the present request is factually or legally relevant to the issue of this Court noticing judicially a Congressional Hearing testimony. *See Medtech Prods. Inc v. Ranir*, LLC, 596 F Supp. 2 778, 802 n5 (S.D.N.Y. 2008); *Stinnett v. Delta Airlines, Inc..*, 278 F. Supp. 3d 599, 608 (E.D.N.Y. 2017); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A. Inc.* 146 F. 3d 66, 70 (2d Cir. 1998); *Ujvari v. United States*, 212 F. Supp. 223, 228 (S.D.N.Y. 1963); *Alvary v. United States*, 302 F. 2d 790, 794 (2d Cir. 1962); *Meola v. Asset Recovery Sols, LLC*, 2018 U.S. Dist. LEXIS 168022, at *9-11 (E.D.N.Y. Sep. 28, 2018). Defendants' cited cases deal with information from previous litigations, which by their very nature are subject to "reasonable dispute."

subject to reasonable dispute in that" they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. Rule Evid. 201(b); *Kramer v. Time Warner Inc*, 937 F.2d 767, 774 (2d Cir. 1991); *Singh v. Ashcroft*, 393 F.3d 903, 905 (9th Cir. 2004); *Wells Fargo Bank, N.A. v. Wrights Mill Holdings*, LLC, 127 F.Supp.3d 156, 166 (S.D.N.Y. 2015) (citing *Kramer*). Furthermore, the Rule mandates that judicial notice be taken where it is "requested by a party and supplied with the necessary information," *id*. at 201(d) and authorizes judicial notice "**at any stage of the proceeding**," *id*. at 201(f).

Defendants opposed the request claiming that the content of the testimony "is subject to reasonable dispute." Defendants assert that the testimony "focuses on a broad array of subjects," yet they conveniently failed to identify the subject out of the many that "is subject to reasonable dispute." Under the circumstances, Plaintiffs submit that the subject dealing with the total dependency of the judicial system of Haiti on the executive branch is common knowledge around the world. In keeping with our nation's highest Court's tradition of using judicial notice, this Court should grant Plaintiffs' request to ensure that its decision is connected to the global society in which we operate. See, e.g. *Lee v. Weisman*, 505 U.S. 577, 593-94 (1992) (the Supreme Court relied on three psychological studies to decide on a First Amendment violation issue); *Mississippi University for Women v. Hogan*, 458 U.S. 718, 738-39 (1982) (The Court cited sociological surveys to establish the unconstitutionality of a state statute); *United States v. Martinez-Fuerte*, 428 U.S. 543, 552-54 (1976) (epidemiological and demographic research were used to support the constitutionality of fixed checkpoint stops); *Brown v. Board of Education*, 347 U.S. 483, 493-94 (1954) (the Court relied on sociological research to conclude that public school racial segregation generated "a feeling of inferiority").

The Congressional hearing testimony requested by Plaintiffs to be judicially noticed came about after the United Nation published a report on gross human rights violations and on State sponsored extrajudicial killing of peaceful protestors demanding justice for economic and financial crimes committed by the ruling class of Haiti. Suffice it to say that the information provided at the hearing is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Moreover, the type of information presented by Plaintiffs' request have been judicially noticed by many courts throughout the United States. *See, e.g., Ieradi v. Mylan Laboratories, Inc.*, 230 F.3d 594, 597-98 (3rd Cir. 2000) (taking judicial notice of information in a newspaper article); *Blair v City of Pomona*, 223 F.3d 1074 (9th Cir. 2000) (taking judicial notice of an independent commission's report on the code of silence among police officers); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999) (taking judicial notice of information contained in news articles); *Clemmons v Bohannon*, 918 F.2d 858, 865 (10th Cir. 1990), vacated on other grounds, on reh. *en banc* 956 F2d 1523 (10th Cir. 1992) (taking judicial notice of government reports and Surgeon General's reports concerning health risk of environmental tobacco smoke); *B.T. Produce Co. v Robert A. Johnson Sales, Inc*. (S.D.N.Y. 2004) 354 F.Supp.2d 284, 285-286 (taking judicial notice of U.S. Department of Agriculture report); *Wietschner v. Monterey Pasta Co.*, 294 F.Supp.2d 1102, 1108 (N.D. Cal. 2003) (taking judicial notice of press releases issued by the Securities and Exchange Commission); *Del Puerto Water Dist. v United States Bureau of Reclamation*, 271 F.Supp.2d 1224, 1234 (E.D. Cal. 2003) (taking judicial notice of public documents, including Senate and House Reports); *Feldman v Allegheny Airlines, Inc*. (D. Conn. 1974) 382 F. Supp. 1271, reversed on other grounds 524 F.2d 384 (2nd Cir. 1975) (taking judicial notice of data contained in President's Economic Report).

### Untimely Request

Despite admitting in their response letters that the Congressional hearing testimony had not occurred at the time of the briefing, Defendants nevertheless argued that Plaintiffs' request is untimely. Defendants cited a number of cases[3] purported to support their position; when in fact, the cited cases mention **zilch** about the untimeliness of request for judicial notice. The rule regarding when a request for judicial notice can be made is well settled in the Second Circuit. "**Judicial notice** may be taken at '**any stage** of the **proceeding**,' including as late as on appeal." *Ross v. American Exp. Co.* 35 F. Supp 3d 407, 457 n.27 (S.D.N.Y. 2014) (citing *United States v. Davis*, 726 F. 3d 357, 368 (2d Cir. 2013) (concluding that judicial notice during appeal is appropriate); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (same)); *see also Wells Fargo Bank, N.A. v. Wrights Mill Holdings*, LLC, 127 F.Supp.3d 156, 166 (S.D.N.Y. 2015).

### Act of state/International Comity

Contrary to Defendants' claim that this matter concerns 'foreign disputes with nominal connections with the United States,' the wrongful conduct complained of took place in the United States and in violation of United States laws; not to mention, Plaintiffs are all United States citizens and legal residents. Additionally, Defendants made no showing as to how the imposition of the $1.50 on remittances and $0.05 on international calls to Haiti is lawful under Haitian laws. As such, there is no need for Plaintiffs to address it at length. However, Plaintiffs agree that this honorable Court, "in determining [Haiti] law, ' …may consider any relevant material or source ... whether or not submitted by a party.' As '[t]he court's determination must be treated as a ruling on a question of law,' the court 'may engage in its own research and consider any relevant material thus found.'" *Animal Science Products, Inc. v. Hebei Welcome Pharmaceutical Co. Ltd*, 138 S. Ct. 1865, 1869, 1870, 201 L.Ed.2d 225 (2018) (quoting Advisory Committee's 1966 Note on Fed. Rule Civ. Proc. 44.1, 28 U.S.C. App., p. 892). Therefore, to further assist this honorable Court with its ruling on the pending motion, Plaintiff respectfully request under Federal Rule 44.1 that the honorable Court takes judicial notice of this article https://lenouvelliste.com/article/203202/le-systeme-judiciaire-haitien-face-au-proces-du-siecle-le-proces-petrocaribe together with its translation attached hereto as **EXHIBIT A**. The article is written by a current law professor at the Haitian State University School of Law. The learned professor, Ikenson ÉDUME, lays bare the inadequacy of the Haitian justice system in handling economic and financial crimes and the reasons the people of Haiti's quest to bring to justice government officials and conspirators accused of dilapidating the Petrocaribe funds is likely to remain nothing but a fleeting illusion.

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their requests for judicial notice.

Respectfully submitted,

Marcel P. Denis

cc: All Counsel of Record via ECF

---

[3] *In re Atossa Genetics Sec. Litig.* 868 F.3d 784, 803 (9th Cir. 2017); *Judan v. Wells Fargo Bank, Nat'l Ass'n*, No. 15-cv-05209-HSG, 2017 U.S. Dist. LEXIS 114219; *BAC Home Loans Servicing, LP v. Hackett*, No.3:11-cv-00416-HZ, 2013 U.S. Dist. LEXIS 147998, at *14 (D. Or. Oct. 11, 2013).