**Davis Polk**

James I. McClammy
212-450-4584
james.mcclammy@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

May 20, 2022

Re:   *Celestin v. Martelly*, 18-cv-7340-LDH-PK

**FILED VIA ECF**

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge DeArcy Hall:

We represent defendant Unigestion Holding, S.A., dba Digicel Haiti ("Digicel Haiti") in the above-referenced action.  We write on behalf of Digicel Haiti along with defendants Western Union (named as "The Western Union Company, d/b/a Western Union Holdings, Inc, Western Union Financial Services, Inc., and through other subsidiaries and affiliates"); Caribbean Air Mail, Inc.; Unitransfer USA, Inc.; and Unibank, S.A. (collectively, the "Corporate Defendants") in connection with Plaintiffs' letter dated May 13, 2022 (ECF No. 115) regarding a request for "a hearing for preliminary injunction pursuant to Rule 65 of the FRCP."

Plaintiffs' request, submitted on a Friday afternoon just two business days prior to a scheduled status conference, came as a surprise.  Plaintiffs first mentioned their desire for injunctive relief more than three years ago when they filed their original Complaint (ECF No. 1), but they made no effort at that time to seek a preliminary injunction.  More recently, Plaintiffs ambiguously referenced their intention to "renew their request for an injunction" in their letter dated April 14, 2022 (ECF No. 100).  Plaintiffs then let four weeks pass before suggesting they wish to move for a preliminary injunction.  Plaintiffs' delay in requesting this relief makes clear that there is no urgency to this matter, which weighs against any such relief.  *See Damone v. Teamsters Loc. 804*, No. 18CV4059LDHST, 2018 WL 7821134, at *2 (E.D.N.Y. Oct. 30, 2018) (DeArcy Hall, J.) ("[I]f it is not so explainable [by legitimate excuse], delay alone may justify denial of a preliminary injunction." (quoting *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995) (vacating preliminary injunction that was not sought until four months after filing))); *see also Silber v. Barbara's Bakery, Inc.*, 950 F. Supp. 2d 432, 439 (E.D.N.Y. 2013) ("Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiff's rights. Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action." (citations omitted)).

The Court previously declined to exercise jurisdiction because of the doctrine of *forum non conveniens*.  If, after further consideration following remand from the Second Circuit, the Court were to reach the same conclusion, that would preclude consideration of Plaintiffs' request.

To the extent that the substantive arguments in Plaintiffs' letter (ECF No. 115), warrant any further response, Corporate Defendants offer our brief but unambiguous opposition.  "A preliminary injunction is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"  *Damone*, 2018 WL 7821134, at *2 (quoting *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007)).  Here, Plaintiffs have not made and cannot make such a showing.

1) **Likelihood of success on the merits.**  As Corporate Defendants have previewed for the Court, even setting aside the pending *forum non conveniens* motion, the Second Amended Complaint is deeply flawed and should be dismissed on a number of other grounds.  Contrary to Plaintiffs' view, the Second

**Davis Polk**

Circuit's decision does not suggest otherwise.  Indeed, the Second Circuit went no further than to find that the act of state doctrine did not bar Plaintiffs' federal antitrust claim.  (*See* ECF No. 115.)  Thus, this Court's observation in denying an injunction in *J.T. v. N.Y. Dep't of Educ.*, No. 19-CV-3403 (LDH) (LB), 2021 WL 512461, at *6 (E.D.N.Y. Feb. 11, 2021), applies here. Plaintiffs "fail[] altogether to make any argument that [they have] a substantial likelihood of success on the merits." *Id.*

2) **Likelihood of irreparable harm.**  Most importantly, Plaintiffs, by their own admission, will not suffer irreparable harm in the absence of the requested injunction.  The only harm Plaintiffs have ever suggested is purely financial: paying the allegedly unlawful fees.  Financial harms almost never constitute irreparable harm and do not justify a preliminary injunction.  *Damone*, 2018 WL 7821134, at *2 ("Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." (quoting *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005))); *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995) ("Mere injuries, however substantial, in terms of money, time and energy . . . are not enough."); *Toney-Dick v. Doar*, No. 12 CIV. 9162 KBF, 2013 WL 1314954, at *9 (S.D.N.Y. Mar. 18, 2013) ("[T]he fact that an alleged harm can be remedied in money damages is the antithesis of irreparable harm.").  Further, the fact that Plaintiffs did not seek this hearing until now suggests that they, too, believe that this alleged harm could be rectified through a money-damages award, should it be determined that any relief is warranted.

3) **Balance of the Equities and Hardships**.  If this Court agrees that Plaintiffs have not demonstrated irreparable harm, it "need not reach any of the other requirements".  *Damone*, 2018 WL 7821134, at *2 ("[Irreparable harm] is so critical to the Court's inquiry that the Court need not reach any other requirements necessary for the grant of injunctive relief where irreparable harm has not been demonstrated.") (citation omitted).  Regardless, this is not a case where the "balance of hardships tip[] decidedly in [] [P]laintiffs['] favor."  *Singas Famous Pizza Brands Corp. v. N.Y. Advert. LLC*, 468 F. App'x 43, 45 (2d Cir. 2012) (citation omitted).  Indeed, the only hardship Plaintiffs identify is that they "are not phantom Plaintiffs but real individuals who continue to suffer the harm of having to pay the additional fees."[1]  (ECF No. 115.)

4) **Public Interest**.  There are no special policy considerations present here which should bear on whether a preliminary injunction should issue.  Plaintiffs' allegations can be resolved and adequate relief, should it be warranted, can be granted in the ordinary course of this action.

For these reasons, Plaintiffs' request for a hearing on their requested injunction should be denied.  Of course, if the Court ultimately reverses its earlier decision and elects to retain jurisdiction over Plaintiffs' claims, and at that time wishes to receive more fulsome briefing, Corporate Defendants would be happy to detail the many reasons an injunction is improper.[2]

Finally, with respect to Plaintiffs' other letter dated May 13, 2022 (ECF No. 113), Corporate Defendants do not take a position on the simple joinder of MoneyGram as a defendant.  However, Plaintiffs presumably intend to add substantive allegations to their Second Amended Complaint to justify their addition of MoneyGram.  Accordingly, Corporate Defendants request that the Court require Plaintiffs to formally move to amend so that Corporate Defendants have an opportunity to respond if they deem it necessary.
We thank the Court for its consideration.

Respectfully submitted,

 /s/ *James I. McClammy*

James I. McClammy

cc: All counsel of record (via ECF)

---

[1] We also note that a preliminary injunction could potentially interfere with Defendants' ability to comply with Haitian law.

[2] Including regarding the necessity of a bond and evidence regarding the amount of any bond.