**Fishkin Lucks**

500 7th Avenue, 8th Floor
New York, NY 10018
(646) 755-9200
www.fishkinlucks.com

Andrew P. Fishkin
afishkin@fishkinlucks.com

June 7, 2022

**Via CM/ECF**
Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Celestin v. Martelly,</u> 18-cv-7340-LDH-PK

Dear Judge DeArcy Hall:

We represent defendant Western Union (named as "The Western Union Company, d/b/a Western Union Holdings, Inc, Western Union Financial Services, Inc., and through other subsidiaries and affiliates").  We write on behalf Western Union and on behalf of defendants Caribbean Air Mail, Inc.; Unitransfer USA, Inc.; Unibank, S.A.; Unigestion Holding, S.A., dba Digicel Haiti; the Government of Haiti; Michel Joseph Martelly; Jocelerme Privert; and NATCOM S.A. (collectively, the "Defendants"), in connection with Your Honor's May 24, 2022 Order regarding motions to dismiss.

Plaintiffs filed their proposed Third Amended Complaint ("TAC") on May 30, 2022, *see* ECF No. 118, and separately provided Defendants with a redline of the TAC against the Second Amended Complaint (copy attached).  While the TAC goes beyond simply naming MoneyGram as a defendant, Defendants do not object to the filing of the TAC and have so informed Plaintiffs.  At the same time, Defendants reserve their rights to make any arguments on their motions to dismiss they could have made in opposing leave to amend.

As for the briefing proposal ordered by the Court, Defendants jointly propose the following, to which the Plaintiffs have consented:

In support of their motions to dismiss, and in accordance with the Court's Order, Defendants shall jointly file a single memorandum of law containing (i) any arguments joined by all Defendants, and (ii) variations on these generally applicable arguments as they pertain to individual defendants (*e.g.*, a particular pleading deficiency that is unique to that defendant).  For their joint arguments, Defendants expect to include supplemental briefing in further support of dismissal based on *forum non conveniens* and the act of state doctrine, as well as arguments for dismissal based on Federal Rules of Civil Procedure 8, 9, and 12(b)(6).  Given the time required for coordination among Defendants, the number of Defendants participating, and the time and space that Plaintiffs will require to respond to the Defendants' arguments, Defendants propose, and Plaintiffs consent to, the following briefing schedule and page limits:

- Briefing schedule – 60 days for the memorandum of law, 60 days for Plaintiffs' opposition, and 30 days for Defendants' reply

Hon. LaShann DeArcy Hall, U.S.D.J.
June 7, 2022
Page 2 of 2

- Page limits – 50 pages for the memorandum of law, 50 pages for Plaintiffs' opposition, and 30 pages for Defendants' reply, all without prejudice to requesting additional pages if necessary

In addition to joining the arguments for dismissal described above, individual defendants will file the following standalone motions to advance arguments unique to those defendants, in accordance with the following schedule, to which Plaintiffs have consented:

- Unibank – Motion to dismiss for lack of personal jurisdiction
    - Briefing schedule – 60 days for moving and opposition briefs; 30 days for reply
    - Page limits – 20 pages for moving and opposition briefs; 10 pages for reply
- Unitransfer – Motion to dismiss for lack of subject matter jurisdiction for named plaintiffs that did not send Unitransfer money transfers
    - Briefing schedule – 60 days for moving and opposition briefs; 30 days for reply
    - Page limits – 15 pages for moving and opposition briefs; 5 pages for reply
- Western Union – Motion to dismiss for lack of subject matter jurisdiction for named plaintiffs that did not send Western Union money transfers; motion to stay in favor of arbitration.
    - Briefing schedule – 60 days for moving and opposition briefs; 30 days for reply
    - Page limits – 20 pages for moving and opposition briefs; 10 pages for reply
- CAM – Motion to dismiss for lack of subject matter jurisdiction for named plaintiffs that did not send CAM money transfers
    - Briefing schedule – 60 days for moving and opposition briefs; 30 days for reply
    - Page limits – 15 pages for moving and opposition briefs; 5 pages for reply
- Government Defendants (Government of Haiti, Martelly, Privert) – Motion to dismiss for lack of subject matter jurisdiction under FSIA, lack of personal jurisdiction, and based on common law sovereign immunity
    - Briefing schedule – 30 days for moving and opposition briefs; 21 days for reply
    - Page limits – 15 pages for moving and opposition briefs; 10 pages for reply
- Natcom – Motion to dismiss for lack of personal jurisdiction and subject matter jurisdiction
    - Briefing schedule – 60 days for moving and opposition briefs; 30 days for reply
    - Page limits – 20 pages for moving and opposition briefs; 10 pages for reply

The Defendants thank the Court for its kind consideration.

Respectfully submitted,

*s/ Andrew P. Fishkin*
Andrew P. Fishkin

cc:     All Counsel of Record (*Via CM/ECF*)