

Kieran Corcoran
**PARTNER**
DIRECT: 646.883.7480
OFFICE: 646.883.7471

kieran.corcoran@stinson.com

February 16, 2024

**VIA ECF**

Hon. LaShann DeArcy Hall, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Celestin, et al. v. Martelly, et al.*; Case No. 1:18-cv-07340 (LDH) (PK)
       *Motion(s) for Sanctions served by Defendants Unitransfer USA, Inc. and Unibank, S.A.*

Dear Judge DeArcy Hall:

We represent defendants Unitransfer USA, Inc. and Unibank S.A. in the action referenced above (the "Movants for Sanctions"). We submit this letter in connection with the respective motions filed today by the Movants for Sanctions. The Movants for Sanctions have taken extensive steps, to no avail, to implore counsel for Plaintiffs to adhere to the Court's motion "bundling rule," Individual Practice III. B.2. Moreover, counsel for Plaintiffs has refused to respond to the motions served by the Movants for Sanctions pursuant to F.R.C.P. 11 ("Rule 11"), despite repeated requests from the Movants for Sanctions and despite counsel for Plaintiffs requests for additional time to respond (and assurances that they would do so). Therefore, it is the Moving Defendants' position that the motions filed today should be treated as fully submitted. In the alternative, the Movants for Sanctions submit the Court should provide Plaintiffs with a truncated time in which to respond.

The respective motions for sanctions are primarily based on Plaintiffs' and counsel for Plaintiffs' failure to comply with their **pre-suit** due diligence requirements in bringing this lawsuit. This includes having no factual basis for the claims against Movants for Sanctions (as the Court recognized in its Order Granting the Motion to Dismiss) and several claims lacking any legal basis. Plaintiffs and their counsel have had 251 days to refute these significant allegations and have completely failed. The only reasonable conclusion is that these allegations are irrefutable, and the motions for sanctions should be granted. The Movants for Sanctions have made significant efforts to comply with the Court's "bundling rule" and have been stonewalled by Plaintiffs' counsel, culminating with counsel for Plaintiffs most recent refusal to respond based on recent findings of the United Nations and an individual being listed on Canada's sanctions list in 2023. This is an obvious bad faith refusal as the motions for sanctions are primarily based on failure to comply with the **pre-suit** due diligence requirements.

The efforts made by Movants for Sanctions include the following: On June 8, 2023, the Movants for Sanctions first served their motions on Plaintiffs' counsel, pursuant to the provisions of Rule 11. Having heard no response, on June 30, 2023, the Movants for Sanctions filed a letter

100 Wall Street, Suite 201, New York, New York 10005



February 16, 2024
Page 2

with the Court, requesting a briefing schedule, even though none is required for a Rule 11 motion pursuant to the Courts Individual Practice III.B.1. On July 17, 2023, Plaintiff opposed that request. Having heard no response from the Court (presumably since no such briefing schedule is required for these motions), on September 26, 2023, the Movants for Sanctions re-served the sanctions motions on Plaintiff, adding an affidavit of compliance with the notice provisions of Rule 11. Plaintiffs' counsel provided no opposition or response of any kind. Hearing nothing, on December 6, 2023, the undersigned sent counsel for Plaintiffs a courtesy e-mail attaching the previously-served motion papers, requesting to be informed whether they intended to respond to the motions. Once again, this communication was met with no response. On December 19, 2023, the undersigned further requested Plaintiffs' counsel (by e-mail) to indicate whether they intended to serve an opposition to the motions. On December 21, 2023, counsel for Plaintiff, Marcel Denis, replied by e-mail: "My apologies for the late response. Rod [co-counsel] and I are currently out of the country. **We will respond** early next year, 2024." (emphasis added). On December 29, 2023, the undersigned followed up with an e-mail requesting Plaintiffs' counsel to "Please confirm that plaintiffs will serve an opposition in early January 2024." On January 4, 2024, Plaintiffs' counsel replied, "We will respond by February 10, 2024. Thank you for your patience.[1]" That same day, the undersigned requested confirmation that an opposition would be served at that time. Plaintiffs' counsel ignored that request. On February 10, 2024, Plaintiffs' counsel then e-mailed the undersigned that "the Plaintiffs will not be responding to your pending motion for sanctions unless and until it is properly filed with the Court." Counsel proffered an excuse for this position based upon "recent findings by the United Nations" and the former chairman of Unibank being named on a Canadian Sanctions list. These issues have no bearing on the practices of this Court, the allegations in the motions for sanctions, nor the professional relations between adversary counsel. I will refrain from expounding on my personal frustration and surprise by these events, and simply intend for the Court to be so informed in consideration of the motions.

Inasmuch as the motions for sanctions were (most recently) served upon Plaintiff without a Table of Contents/Table of Authorities, we include such reference tables as an exhibit to the respective filings made today, for the convenience of the Court and pursuant to the terms of its Individual Practices.

Very truly yours,

Kieran M. Corcoran

KMC/ds
Enclosure

cc:   *All Counsel of record via ECF*

---

[1] At the time of this response, the individual was already on the Canadian Sanctions list and undersigned counsel is unaware of any new United Nations findings between January 4, 2024 and February 10, 2024, when Plaintiffs' counsel then refused to respond.