# M<small>ARCEL</small> P. D<small>ENIS</small>
<u>D E N I S L A W G R O U P, P L L C</u>

9602 Avenue L
Brooklyn, New York 11236
Telephone (404) 977-9733
Email: mdcounsel@gmail.com

February 22, 2024

**Via ECF**
Judge LaShann DeArcy Hall
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        **Re: Celestin, et al v. Martelly, et al; Case No. 1:18-cv-07340-LDH-JO;
Unibank and Unitransfer USA, Inc.'s Motion for Sanctions pursuant to FRCP 11**

Your Honor:

Plaintiffs oppose Defendants Unibank and Unitransfer USA, Inc's renewed motion for sanctions under Rule 11 based on alleged failure to conduct *pre-suit* due diligence. As an initial matter, Plaintiffs sincerely apologize to the Court for not abiding by the Court's "Bundle Rule" submission. Plaintiffs never took defendants' sanction motion seriously. Defendants, through their counsel Oliver Birman, held at least two telephone conferences with Plaintiffs only to offer to forgo their legal fees and sanctions in exchange for Plaintiffs to publish a letter declaring that "Unibank and Unitransfer did nothing wrong."

Defendants' allegation of Plaintiffs failure to conduct *pre-suit* investigation is without merit. As Defendants mentioned in their letter brief, the United Nations and the Canadian's government conducted an investigation and reached the same conclusion as Plaintiffs did as well as a Haitian Judge who recently issued an international arrest warrant for Defendants Joseph Michel Martelly and Jocelerme Privet for fraud, corruption with links to gangs in the Port-au-Prince metro area to carry out their criminal enterprise that includes drug dealing, money laundering, kidnapping, robbery, rape, and murder. Some of their intended victims are citizens and legal resident of the United States and relatives living in Haiti. The United Nations' investigation also revealed that other than high-profile politicians, the business elites of Haiti also partake in the criminal enterprises link to gangs' activities.[1]

The genesis of Plaintiffs' claims arose in part because of Defendant Martelly's imposition of $1.50 and $.05 charges on monies being sent to Haiti as well as phone calls allegedly to provide free universal education to some 900,000 street children. Turned out that the collected funds were not

---

[1] https://documents.un.org/doc/undoc/gen/n23/246/28/pdf/n2324628.pdf?token=LUCdBy43taSTm4T8HQ&fe=true
Last visited February 23, 2024.

used to build classrooms nor purchase books and notebooks but instead, were used to buy weapons, ammunitions and to support local gangs' activities. Defendant Unibank and Unitransfer were two of the parties who aided and abetted in the collection of the monies as part of the scheme.

The "former Chairman" that Defendants referenced in their letter brief is none other than **CARL BRAUN**, the "Chairman and Chief Executive Officer" of Unibank, S.A., the parent company of Unitransfer. Mr. Braun submitted a Declaration to this honorable Court in support of Unibank and Unitransfer's motion to dismiss Plaintiffs' suit. See Dkt. # 64-6. Mr. Braun is sanctioned by the government of Canada for his involvement in fraud, corruption, and criminal enterprises with link to local gangs.[2] Mr. Braun issued a somewhat letter of apology on October 10, 2023 in a semblance to distance himself from all the businesses that he is affiliated with as a result of the sanction. Prior to distancing himself from all affiliated businesses, Mr. Braun, knowing he was about to be sanctioned, stepped down as "Chairman and Chief Executive Officer" to serve as Unibank's Emeritus CEO.

Also sanctioned by the government of Canada for fraud, corruption, and financing gangs' activities are defendants Joseph Michel Martelly and Jocelerme Privet. See Congressional Research Service report R47394.[3]

The findings of the United Nations and the government of Canada's investigations mentioned in the CRS report conducted years after Plaintiffs initiated their lawsuit demonstrate that Plaintiffs did conduct *pre-suit* investigation. Plaintiffs sued Unibank and Unitransfer along with other defendants identified as fraudsters involved in criminal enterprises. But for *pre-suit* investigation, Plaintiffs would not have been able to identify the defendants named in the lawsuit and the grounds for the suit.

Plaintiffs did not file the suit for an improper purpose nor is it "patently clear that [the claims have] absolutely no chance of success." Eastway Constr. Corp. v. City of New York, 762 F. 2d 243, 254 (2d Cir. 1985). As aforementioned, Plaintiffs did not respond to Defendants Unibank and Unitransfer's motion for sanction because Plaintiffs did not believe the motion had merit based on defendants' counsel offer to withdraw the motion in exchange for a letter exonerating their clients. Defendants' counsel was essentially trying to use Plaintiffs to provide them with good public relations considering the issues of the former "Chairman and Chief Executive Officer" being sanctioned and Unibank and Unitransfer being accused of being complicit with gangs in Haiti.

Defendants Unibank and Unitransfer are renewing their motion to intimidate and deter Plaintiffs and any other individuals who may wish to come forward with information to support civil claims against them. Plaintiffs were warned during the pre-suit investigation to be careful as some of the named defendants are dangerous characters with ties to criminal elements known to have committed heinous acts against anyone who challenged them. Hence the reason, several individuals contacted by Plaintiffs during the *pre-suit* investigation opted not to keep their confirmed appointments.

---

[2] https://www.international.gc.ca/world-monde/international_relations_internationales/sanctions/haiti.aspx?lang=eng. Last visited February 23, 2024.
[3] https://crsreports.congress.gov/product/pdf/R/R47394. Last visited February 22, 2024.

Plaintiffs remain steadfast to follow the Court's directive. However, Plaintiffs do not believe sanctions are appropriate under the circumstances.

Please advise if the Court would like any additional information regarding this matter.

Respectfully,

Denis Law Group, PLLC

/S/ Marcel P. Denis

cc: All Counsel of Record via ECF