UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x
OLDILON S. CELESTIN, WIDMIR ROMELIEN, MARIE LUCIE ST VIL, GOREETTIE ST VIL, JEANNETTE VALEUS, GUETTY FELIN and HERVE COHEN, on behalf of all others similarly situated,

                                                  Plaintiffs,

                     v.

MICHEL JOSEPH MARTELLY, JOCELERME PRIVERT, JOVENEL MOISE, THE WESTERN UNION COMPANY, d/b/a Western Union Holdings, Inc., Western Union Financial Services, Inc., and through other subsidiaries and affiliates, CARIBBEAN AIR MAIL, INC., d/b/a CAM, UNIBANK, S.A., UNITRANSFER USA, INC., UNIGESTION HOLDINGS, S.A., d/b/a DIGICEL HAITI, NATCOM S.A. and THE GOVERNMENT OF HAITI,

                                                Defendants.
-------------------------------------------------------------------------------x

Case No. 18-CV-7340 (LDH) (PK)

**Served on Plaintiffs via ECF on March 1, 2024**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS UNIBANK, S.A. AND UNITRANSFER USA, INC.'S MOTION TO STRIKE AND FOR SANCTIONS

Dated:    March 1, 2024
                New York, New York

**STINSON LLP**

Kieran M. Corcoran (KC4935)
kieran.corcoran@stinson.com
100 Wall Street, Suite 201
New York, New York 10005
Tel: (646) 883-7480
Fax: (646) 883-7472

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**

Paul D. Turner (admitted *pro hac vice*)
pturner@pbyalaw.com
Benjamin L. Reiss (admitted *pro hac vice*)
breiss@pbyalaw.com
Oliver Birman (admitted *pro hac vice*)
obirman@pbyalaw.com
200 South Andrews Avenue, Suite 600
Fort Lauderdale, FL 33301
Tel: (954) 566-7117
Fax: (954) 566-7115

*Attorneys for Defendants Unibank S.A. and Unitransfer USA, Inc.*

# TABLE OF CONTENTS

1. Disclosure of Settlement Communications violates the Local and Federal Rules ................... 1
2. The Court Has Inherent Authority to Strike Improper Settlement Disclosure ......................... 2
3. Request for Sanctions ............................................................................................................... 3

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bear Sterns Cos., Inc., Sec., Derivative, and ERISA Litig.*, 763 F. Supp. 2d 423
    (S.D.N.Y. 2011) ..................................................................................................................3

*Blatt v. City of New York*,
    2019 U.S. Dist. LEXIS 50308 (S.D.N.Y. Mar. 26, 2019) ...................................................3

*Dong Hui Chen v. Thai Greenleaf Rest. Corp.*,
    2022 U.S. Dist. LEXIS 230867 (E.D.N.Y. Dec. 22, 2022) .................................................4

*George v. Prof'l Disposables Int'l, Inc.*,
    2018 U.S. Dist. LEXIS 74103 (S.D.N.Y. May 1, 2018).....................................................4

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*,
    2015 U.S. Dist. LEXIS 105907 (S.D.N.Y. Aug. 12, 2015) .............................................2, 3

*NRDC v. United States FDA*,
    884 F. Supp. 2d 108 (S.D.N.Y. 2012)..................................................................................3

*Rein v. Socialist People's Libyan Arab Jamahiriya*,
    568 F. 3d 345 (2d Cir. 2009)................................................................................................1

*Roberto Coin, Inc. v. Goldstein*,
    2023 U.S. Dist. LEXIS 146506 (E.D.N.Y. Aug. 21, 2023)..................................................3

*Smith v. AVSC Int'l Inc.*,
    148 F. Supp. 2d 302 (S.D.N.Y. 2001)..................................................................................2

*Smith v. Westchester Cty. Dep't of Corr.*,
    577 F. App'x 17 (2d Cir. 2014) ...........................................................................................4

*United States v. Kelly*,
    627 F. Supp. 3d 148 (E.D.N.Y. 2022) .................................................................................3

*United States v. Seltzer*,
    227 F.3d 36 (2d Cir. 2000)...................................................................................................4

**Statutes**

Fed. R. Evid. 408 .........................................................................................................................1

Fed. R. Evid. 408(a)(2) ................................................................................................................1

E.D.N.Y. Local Rule 5.2..............................................................................................................2

Fed. R. Civ. P. 11.........................................................................................................................1

Fed. R. Civ. P. 12(f).....................................................................................................................2

Plaintiffs' February 23, 2024, Letter Response in Opposition ("Opposition") [D.E. 171] to Unibank, S.A., and Unitransfer USA, Inc.'s (collectively "Defendants") Motions for Sanctions pursuant to Rule 11 improperly discloses confidential settlement discussions in violation of the Local and Federal rules. This improper and unethical disclosure should be stricken, and Plaintiffs' counsel sanctioned for their bad faith conduct.

In the Opposition, Plaintiffs' counsel improperly reveals confidential settlement discussions to rationalize that they "never took defendants' sanction motion seriously." [D.E. 171, p. 1.] Aside from the confounding omission of failing to respond to the motions for sanctions under Rule 11 based on not taking it seriously[1], Plaintiffs' counsel's inexcusable disclosure violates the Local Rules and warrants this Court to upholding the underlying policy of Federal Rule of Evidence Rule 408 by invoking the Court's inherent authority to strike and impose sanctions. *See* Fed. R. Evid. 408.

1. **Disclosure of Settlement Communications violates the Local and Federal Rules**

Plaintiffs' disclosure of confidential settlement discussions is a violation of Fed. R. Evid. 408(a)(2) and Rule 5.2 of the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York (the "Local Rules"). Fed. R. Evid. 408 prohibits the admission of "conduct or a statement made during compromise negotiations about the claim."[2] While the Opposition is not evidence, "the rule forbidding such use of settlement negotiations is a matter of fundamental policy." *Rein v. Socialist People's Libyan Arab Jamahiriya*, 568 F. 3d 345, 352 (2d Cir. 2009). The purpose for this rule is obvious. In *Rein*, the Second Circuit reversed a finding of an amount of attorneys' fees based on a settlement concession. The *Rein* court held "[w]ere courts permitted to use provisional

---

[1] One of the arguments in the Rule 11 Motions for Sanctions is that Plaintiffs' counsel lacks the competence to handle this case. This failure to respond and disclosure of settlement communications is proof of that lack of competence.
[2] Contrary to Plaintiffs' counsel's posturing about the validity of Defendants' Motions for Sanctions due to settlement discussions, the "Notes of Advisory Committee on Proposed Rules" portion of Rule 408 advises that "[t]he evidence is irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position." Fed. R. Evid. 408.

1

settlement concessions . . . the possibilities of negotiating settlement in the future would be *seriously impaired*." *Id.* (emphasis added).

Similar to *Rein*, Plaintiffs' counsel disclosed settlement communications in violation of the purpose of Rule 408. This use of settlement communications will have a chilling effect on any settlement negotiations in this case and others in the Eastern District of New York if such a use of these discussions were permitted. This is the reason for Rule 408. *See also 2 McCormick on Evidence § 266* (Kenneth S. Broun ed., 6th ed. 2006) (noting the policy argument for barring the use of "an offer . . . to pay a sum in compromise . . . against that party" is "the promotion of settlement of disputes, which would be discouraged if offers of compromise were admitted").

Furthermore, the comments to Local Rule 5.2 echo the sentiments of Rule 408's underlying policy by instructing in pertinent part "before filing a letter via ECF, parties should consider whether the letter contains information about settlement discussions or personal information . . . *that should not be in the public file*, in which case the letter should be sent directly to chambers instead of via ECF [.]" (Emphasis added). E.D.N.Y. Local Rule 5.2, Committee Note.  In another example of their lack of competence, and failure to take rules of the court "seriously," Plaintiffs' counsel has ignored the clear language of the Local Rules.

**2.   The Court Has Inherent Authority to Strike Improper Settlement Disclosure**

This Court also has inherent authority to manage its docket and to strike information from any filings. *See Smith v. AVSC Int'l Inc.*, 148 F. Supp. 2d 302, 317 (S.D.N.Y. 2001); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, 2015 U.S. Dist. LEXIS 105907 *9 (S.D.N.Y. Aug. 12, 2015) ("It is well-established that a court has the 'inherent authority' to manage the cases before it. . . . 'inherent authority' includes the court's ability 'to strike *any filed paper* which it determines to be

2

***abusive or otherwise improper*** under the circumstances.") (emphasis added).[3] In *Roberto Coin, Inc.*, the Eastern District of New York exercised this inherent authority to strike the defendant's objection filed in response to a magistrate's comprehensive report and recommendation, because the response contained "'allegations' of a 'sensitive nature.'". *Roberto Coin, Inc. v. Goldstein*, 2023 U.S. Dist. LEXIS 146506, at *4–5 (E.D.N.Y. Aug. 21, 2023) (Komitee, J.) (quoting *Blatt v. City of New York*, 2019 U.S. Dist. LEXIS 50308, at *3 (S.D.N.Y. Mar. 26, 2019). Specifically, the Court held that "such a filing is 'abusive' and 'improper under the circumstances[,]' [and] [c]onsequently, the Court in an exercise of its 'inherent authority to manage its docket . . . *sua sponte* strikes [the filing] and its attachment in their entirety." *Id.*, at *5 (quoting *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, 2015 U.S. Dist. LEXIS 105907, 2015 WL 4757601, at *3 (S.D.N.Y. Aug. 12, 2015) and *Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015)).[4] Therefore, this Court has the inherent authority to strike Plaintiffs' Opposition to the extent it improperly discloses confidential settlement discussions. The Opposition demonstrates Plaintiffs' counsel's continued willful and bad faith failure to follow pertinent rules and procedures, and in doing so, further illustrates their incompetence in handling this matter.

3. **Request for Sanctions**

Plaintiffs' counsels' improper and unethical disclosure of confidential settlement discussions illustrates bad faith conduct and a reckless failure to responsibly perform as an officer of the court. An attorney's bad faith conduct is sanctionable under the Court's inherent authority. See *United States v. Kelly*, 627 F. Supp. 3d 148, 153 n. 5 (E.D.N.Y. 2022) ("The Court has inherent authority to impose

---

[3] *See also NRDC v. United States FDA*, 884 F. Supp. 2d 108, 115 n. 5 (S.D.N.Y. 2012) (stating "[c]ontrary to the Government's apparent position that Rule 12(f) if the Federal Rules of Civil Procedure grants a court its only power to strike documents from the record and that such document are limited by the rule to "pleadings" . . ., a court has 'inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances.'") (citing *In re Bear Sterns Cos., Inc., Sec., Derivative, and ERISA Litig.*, 763 F. Supp. 2d 423, 581 (S.D.N.Y. 2011)).

[4] citing *Blatt v. City of New York*, 2019 U.S. Dist. LEXIS 50308 *9 (Mar. 26, 2019 S.D.N.Y.) (invoking Court's inherent authority to striking filings discussing sexual harassment allegations against the plaintiff that were "unnecessary for the Court to consider given the "stage of the litigation").

3

sanctions only if an attorney has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'") (*quoting Smith v. Westchester Cty. Dep't of Corr.*, 577 F. App'x 17 (2d Cir. 2014). However, "[a] court need not find bad faith before imposing a sanction under its inherent power when an attorney . . . engages in other misconduct that is not undertaken for the client's benefit." *Dong Hui Chen v. Thai Greenleaf Rest. Corp.*, 2022 U.S. Dist. LEXIS 230867 * 6 (Dec. 22, 2022 E.D.N.Y.) (Magistrate Judge Wicks) (*citing United States v. Seltzer*, 227 F.3d 36, 41 (2d Cir. 2000)).[5] In *George v. Prof'l Disposables Int'l, Inc.*, the Court granted the defendant's request for sanctions against plaintiff's counsel, despite plaintiff's counsel disclosing a medical condition that contributed to his failures to comply with the Court's rules and despite finding that the counsel did not act in bad faith. See *George v. Prof'l Disposables Int'l, Inc.*, 2018 U.S. Dist. LEXIS 74103 * 4 (May 1, 2018 S.D.N.Y.) (Abrams, J.).

In the instant case, Plaintiffs' counsel has displayed numerous failures to abide by rules and procedures which prompted Defendants' Rule 11 motions. Nevertheless, counsel continues to display a blatant disregard for governing rules by improperly disclosing confidential information in their response to Defendants' motions. Although bad faith is not required to impose sanctions, in this case, the bad faith is palpable. Thus, sanctions are warranted.

## Conclusion

For the foregoing reasons, Plaintiffs' Opposition should be stricken due to the improper disclosure of settlement communications, in violation of the governing Federal and Local Rules, and imposing sanctions in the amount of $5,000 as a penalty for their bad faith filing.

---

[5] "Inherent power of the district court also includes the power to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom without a finding of bad faith." *Seltzer*, 227 F.3d at 41.

Dated: March 1, 2024
      New York, New York         Respectfully submitted,

**STINSON LLP**

By: */s/ Kieran M. Corcoran*
Kieran M. Corcoran (KC4935)
kieran.corcoran@stinson.com
100 Wall Street, Suite 201
New York, New York 10005
Tel: (646) 883-7480
Fax: (646) 883-7472

Paul D. Turner (FBN 113743)
(admitted *pro hac vice*)
pturner@pbyalaw.com
Benjamin L. Reiss (FBN 985643)
(admitted *pro hac vice*)
breiss@pbyalaw.com
Oliver Birman (FBN 123750)
(admitted *pro hac vice*)
obirman@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600
Fort Lauderdale, FL 33301
T: (954) 566-7117
F: (954) 566-7115

*Attorneys for Defendants Unibank, S.A. and Unitransfer USA, Inc.*