UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ODILON S. CELESTIN, WIDMIR ROMELIEN, GOLDIE LAMOTHE-ALEXANDRE, VINCENT MARAZITA, JEANNETTE VALEUS, GUETTY FELIN, GORETTIE ST. VIL, HERVE COHEN, and on behalf of all others similarly situated, MARIE LUCIE ST. VIL,

                          Plaintiffs,

        - against -

MICHEL JOSEPH MARTELLY, JOCELERME PRIVERT, JOVENEL MOISE, CARIBBEAN AIR MAIL, INC. d/b/a CAM, THE WESTERN UNION COMPANY, d/b/a Western Union Holdings, Inc., Western Union Financial Services, Inc., and through other subsidiaries and affiliates, UNITRANSFER USA, INC., UNIBANK, S.A., UNIGESTION HOLDING, S.A. d/b/a DIGICEL HAITI, NATCOM S.A., and THE GOVERNMENT OF HAITI,

                          Defendants.

------------------------------------------------------------------X

18-CV-7340 (LDH) (PK)

**ORAL ARGUMENT**
**REQUESTED**

**Served On Plaintiffs Pursuant to**
**FRCP 11 on July 17, 2024**

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS UNITRANSFER USA, INC. AND UNIBANK, S.A.'S MOTION FOR SANCTIONS

Dated:   July 17, 2024
           New York, New York

**STINSON LLP**

Kieran M. Corcoran (KC4935)
100 Wall Street, Suite 201
New York, New York 10005
kieran.corcoran@stinson.com
Tel: (646) 883-7471
Fax: (646) 883-7472

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**

Paul D. Turner, Esq. (admitted *pro hac vice*)
pturner@pbyalaw.com
Benjamin L. Reiss, Esq. (admitted *pro hac vice*)
breiss@pbyalaw.com
Oliver Birman, Esq. (admitted *pro hac vice*)
obirman@pbyalaw.com
200 South Andrews Avenue, Suite 600
Fort Lauderdale, FL 33301
T: (954) 566-7117
F: (954) 566-7115

*Attorneys for Unitransfer USA, Inc., and Unibank S.A.*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT.................................................................................................... 1

LEGAL STANDARD FOR RULE 11 SANCTIONS.................................................................... 4

ARGUMENT ............................................................................................................................... 6

   A.   Plaintiffs' References to International Sanctions Lists and U.N. Reports are Primarily
Misrepresentations and Asserted for an Improper Purpose......................................................... 6

   B.   Sanctions are Warranted for Unsubstantiated Claims that Defendants Committed Fraud on
Court.............................................................................................................................................11

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*(RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co.,*
  No. 21-cv-11096 (LJL), 2022 U.S. Dist. LEXIS 166276 (S.D.N.Y. Sep. 14,
  2022) ...................................................................................................................................6

*AJ Energy LLC v. Woori Bank*,
  829 F. App'x 533 (2d Cir. 2020) .........................................................................................4

*Banks v. Whambo! Enter. LLC,*
  No. 20-cv-1674-LAB-DEB, 2023 U.S. Dist. LEXIS 103873 (S.D. Cal. June
  14, 2023) ..............................................................................................................................5

*China AI Cap. Ltd. v. DLA Piper LLP (US),*
  No. 21-CV-10911 (VM) (VF), 2023 U.S. Dist. LEXIS 132232 (S.D.N.Y. July
  28, 2023) ...........................................................................................................................6, 7

*Dimitri Enters. v. Spar Ins. Agency LLC,*
  No. 21-1722-cv, 2022 U.S. App. LEXIS 27930 (2d Cir. Oct. 6, 2022) ...............................4, 5

*Elfoulki v. Brannons Sandwich Shop, LLC,*
  No. 14-cv-5964 (PKC), 2016 U.S. Dist. LEXIS 81601 (S.D.N.Y. June 22,
  2016) ....................................................................................................................................7

*Int'l Christian Broad., Inc. v. Koper (In re Koper),*
  Nos. 8-13-74213-las, 8-13-08169-las, 2020 Bankr. LEXIS 2261 (Bankr.
  E.D.N.Y. Aug. 25, 2020) .....................................................................................................6

*Kropelnicki v. Siegel,*
  290 F. 3d 118 (2d Cir. 2002).................................................................................................5

*Patsy's Brand, Inc. v. I.O.B. Realty. Inc.,*
  99 Civ. 10175 (JSM), 2001 U.S. Dist. LEXIS 1625, (S.D.N.Y. Feb. 21, 2001) .....................5

*Perry v. S.Z. Rest. Corp.,*
  45 F. Supp. 2d 272 (S.D.N.Y. 1999)......................................................................................7

*Suketu v. Cape Reg'l Med. Ctr.,*
  No. 12-3469, 2013 U.S. Dist. LEXIS 127302 (D.N.J. Sep. 6, 2013) .......................................5

*Yeremis v. Amerit Fleet Sols.,*
  No. 1:20-cv-04723-GHW, 2021 U.S. Dist. LEXIS 76858 (S.D.N.Y. Apr. 21,
  2021) ....................................................................................................................................6

*Zlotnick v. Hubbard,*
   572 F. Supp. 2d 258 (N.D.N.Y. 2008) ................................................................................12

**Other Authorities**

*Fed. R. Civ. P. 11* ...............................................................................................................*4*

*Fed. R. Evid. 404(b)* ...........................................................................................................*9*

*Jean Allens Macajoux,* Sanctioned by Canada, Carl Braun resigns from UNIBANK's
   Board of Directors, *Vant Bèf Info (VBI), (October 12, 2023)*
   *https://vantbefinfo.com/sanctionne-par-le-canada-carl-braun-demissionne-du-*
   *conseil-dadministration-de-la-unibank/* ............................................................................*10*

*UNIBANK: Carl Braun resigns,* Haiti Libre (October 14, 2023)
   *https://www.haitilibre.com/en/news-40734-haiti-news-zapping.html* ................................*3*

Unitransfer USA, Inc. ("Unitransfer"), and Unibank, S.A. ("Unibank"), by and through their attorneys, hereby submit their Memorandum of Law in Support of their Motion for Sanctions, as follows:

## PRELIMINARY STATEMENT

Plaintiffs have continued to violate Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") through the filing of their Opposition [D.E. 182] (the "Opposition") to Unitransfer and Unibank's prior Motions to Strike and for Sanctions [D.E. 167 and 162, respectively].[1] In an attempt to avoid repercussions for improperly revealing settlement communications, Plaintiffs have resorted to misrepresentations intended to mislead and distract the Court. Plaintiffs wholly ignored the substance of what they were opposing in the Opposition, and instead chose to fabricate international findings to impugn the movants with alleged bad actions of Unibank's former chairman and CEO F. Carl Braun ("Mr. Braun"). This deception seeks to have the Court infer there was some fraud found by either the United Nations or Canadian government[2] against Unibank or Unitransfer and that fraud is somehow related to this case. To be clear, no such findings exist.

In addition, the Opposition is a continuation of Plaintiffs' counsel's pattern of filing information with the Court without conducting any investigation as to the veracity of those allegations and with disregard for their obligations as attorneys. In the Opposition, Plaintiffs' counsel made no fewer than twelve (12) misleading or untrue statements about Unitransfer,

---

[1] Plaintiffs' counsel previously conceded they revealed settlement communications to rationalize why they failed in their obligation to respond to a prior Motion for Sanctions (also pursuant to Rule 11), and that they "never took defendants' sanction motion seriously." [D.E. 171, p.1].  Alleged violations of an attorney's ethical obligations should always be taken seriously, and this admission alone informs the Court of the manner in which Plaintiffs' counsel view their ethical obligations.

[2] Counsel for Unitransfer and Unibank have reviewed the United Nation and Canadian government findings and there is no mention of either Unitransfer or Unibank and the findings do not make any reference to any issues in this lawsuit. Counsel for Unitransfer and Unibank requested proof from Plaintiffs' counsel but received no response. *See* e-mail attached as **Exhibit 1.**

Unibank, and Mr. Braun, as well as counsel for Unitransfer and Unibank (Perlman, Bajandas, Yevoli & Albright, P.L. ("PBYA")). Many of these falsehoods were repeated several times in the 10-page Opposition. These misleading or false statements include (marked by each "misrepresentation"):

1. The Misrepresentation: The Founder, Chairman, and CEO of Defendants has been sanctioned for the conduct upon which Plaintiffs initiated the suit against Defendants to begin with. [D.E. 182, p. 9].
   a. The Truth: There have not been any sanctions against Unitransfer or Unibank. Neither the sanctions against Mr. Braun, nor anyone else, reference the fee applied to money transfers which were the purported basis for the claims against Defendants. No governmental entity has ever made any comments on the substance of this lawsuit.

2. The Misrepresentation: Plaintiffs' claims were far from being meritless as established by the sanctions imposed by Canada against Defendants Martelly, Privert, and Carl Braun-the Founder, Chairman, and CEO of Unibank. [D.E. 182, p. 9].
   a. The Truth: There have not been any sanctions related to the fees applied to money transfers.

3. The Misrepresentation: Defendants' counsel acted in bad faith by serving the prior Rule 11 after the settlement conference (which Plaintiffs unethically disclosed). [D.E. 182, p. 1].
   a. The Truth: In fact, the Rule 11 was served on June 8, 2023. The phone call to discuss potential settlement occurred on June 23, 2023.

4. The Misrepresentation: Mr. Braun was sanctioned for activities linked to Defendant Martelly and the gangs in Haiti. [D.E. 182, p. 1].
   The Truth: There are no documents that connect Mr. Braun to Mr. Martelly and the Canadian Sanctions documents were vague about any connections between Mr. Braun and any gangs.

5. The Misrepresentation: A compromise was reached with foreign authorities including the United Nations, to shield Unibank in exchange for allowing the sanctioning of Mr. Braun, the founder, Chairman, and CEO, since "a fish rots from the head down." [D.E. 182, p. 2].
   a. The Truth: No such compromise exists.

6. The Misrepresentation: A compromise was reached with foreign authorities including Canada, to shield Unibank in exchange for allowing the sanctioning of Mr. Braun, the founder, Chairman, and CEO, since "a fish rots from the head down." [D.E. 182, p. 2].
   a. The Truth: No such compromise exists.

7. <u>The Misrepresentation</u>: A compromise was reached with foreign authorities including the United Nations, to shield Unitransfer in exchange for allowing the sanctioning of Mr. Braun, Unibank's founder, Chairman, and CEO, since "a fish rots from the head down." [D.E. 182, p. 2].

    a. <u>The Truth</u>: No such compromise exists.

8. <u>The Misrepresentation</u>: A compromise was reached with foreign authorities including Canada, to shield Unitransfer in exchange for allowing the sanctioning of Mr. Braun, Unibank's founder, Chairman, and CEO, since "a fish rots from the head down." [D.E. 182, p. 2].

    a. <u>The Truth</u>: No such compromise exists.

9. <u>The Misrepresentation</u>: Defendants misled the Court by mischaracterizing Carl Braun in their letter motion as "some former chairman." [D.E. 182, p. 2].

    a. <u>The Truth</u>: This quote does not exist and in any event, there was no mischaracterization as Mr. Braun was the former chairman.

10. <u>The Misrepresentation</u>: Mr. Braun has been found to be culpable in committing fraud on a massive scale. [D.E. 182, p. 3].

    a. <u>The Truth</u>: Mr. Braun is not the Chairman and CEO of Unibank, and he was not "found culpable of committing fraud on a massive scale."

11. <u>The Misrepresentation</u>: Defendants' attempt to conceal the identity of the "former Chairman," Mr. Braun, the founder, Chairman, and CEO of Unibank. [D.E. 182, p. 5].
    <u>The Truth</u>: Mr. Braun was not "concealed" as he is the former Chairman and CEO of Unibank who publicly resigned.[3]

12. <u>The Misrepresentation</u>: The settlement discussions from June 23, 2023 that were (improperly) revealed were necessary to prove Plaintiffs did perform pre-suit investigation in 2018 that revealed the Defendants were part of a fraudulent scheme. [D.E. 182, p. 7].

    a. <u>The Truth</u>: The settlement discussions and everything raised therein occurred years after the lawsuit was filed and could not support a pre-suit investigation.

Plaintiffs' counsel used the above frivolous allegations, rumors, and outright lies[4] in the

Opposition in an attempt to remediate counsel's failure to conduct a reasonable inquiry. Plaintiffs'

---

[3] Mr. Braun resigned and a simple google search reveals it. *See UNIBANK: Carl Braun resigns*, HAITI LIBRE (October 14, 2023) https://www.haitilibre.com/en/news-40734-haiti-news-zapping.html (last visited July 9, 2023). Such article was published 6 months before the Opposition. See also the Board Policy signed by the current Chairman and CEO, Franck Helmcke in September 2023 attached as **Exhibit 2.**

[4] While Unitransfer and Unibank challenge the veracity of these vague unsubstantiated assertions, these allegations would undoubtedly have been more appropriate to assert in Plaintiffs Complaint ***if obtained during the required pre-suit investigation***.

counsel does not stop there, in their complete disregard of legal standards and appropriate ethical requirements; Plaintiffs' counsel argue wholly irrelevant accusations to defame PBYA by asserting they (in a filing by Defendants' counsel) have "tr[ied] to mislead the Court by mischaracterizing Carl Braun . . . as 'some former chairman.'" Plaintiffs' counsel have not shown any statement by Defendants' counsel to be false, and it is axiomatic that it is egregious and unacceptable for an attorney to falsely accuse an opposing counsel of misleading the Court. As such, Plaintiffs' counsel continues to demonstrate a lack of competence and due diligence prior to making filings.

### LEGAL STANDARD FOR RULE 11 SANCTIONS

Rule 11 states:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
. . .
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(3).

Further, every signature on a pleading is a certification of the merits of the pleading and authorizes sanctions for violation of the certification. *See* Fed. R. Civ. P. 11. Importantly, "Rule 11 'explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed.'" *Dimitri Enters. v. Spar Ins. Agency LLC*, No. 21-1722-cv, 2022 U.S. App. LEXIS 27930, at *4 (2d Cir. Oct. 6, 2022) (quoting *Gutierrez v. Fox*, 141 F. 3d 425, 427 (2d Cir. 1998)).[5] Sanctions are triggered when "[a] pleading,

---

[5] *See also AJ Energy LLC v. Woori Bank*, 829 F. App'x 533, 535 (2d Cir. 2020) ("We have emphasized that Rule 11 'explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a

motion, or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by exiting law or good faith argument for the extension, modification or reversal of existing law." *See Kropelnicki v. Siegel*, 290 F. 3d 118, 131 (2d Cir. 2002) (quoting *W.K. Webster & Co. v. Am. President Lines, Ltd.*, 32 F.3d 665, 670 (2nd Cir. 1994). "'[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness, and is not based on the subjective beliefs of the person making the statement.'" *Dimitri Enters.*, 2022 U.S. App. LEXIS 27930, at *4 (quoting *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003); other internal quotation marks and citation omitted).

It is well-established that false statements in motions support Rule 11 sanctions. *See Patsy's Brand, Inc. v. I.O.B. Realty. Inc.*, 99 Civ. 10175 (JSM), 2001 U.S. Dist. LEXIS 1625, at *44 (S.D.N.Y. Feb. 21, 2001) ("Rule 11 also imposes an obligation on counsel to make a reasonable inquiry to determine the accuracy of assertions made in motion papers. . . . Given the fact that the former assertion was directly contrary to the facts of record, and that the latter assertion was patently false. . .  I.O.B.'S counsel shall show cause at the same time and place why it should not be sanctioned under Rule 11 and 28 U.S.C. § 1927.").[6]

---

reasonable inquiry into the viability of a pleading before it is signed.'") (quoting *Gutierrez v. Fox*, 141 F. 3d 425, 427 (2d Cir. 1998)).

[6] *See also Suketu v. Cape Reg'l Med. Ctr.*, No. 12-3469 (RMB/KMW), 2013 U.S. Dist. LEXIS 127302, at *28 (D.N.J. Sep. 6, 2013) ("Mr. Parrish's misconduct violates Rule 11, his actions in submitting an entirely unsupported motion based upon numerous misrepresentations and mischaracterizations constitute a fraud upon this Court deserving of sanctions pursuant to this Court's inherent powers."); *Banks v. Whambo! Enter. LLC*, No. 20-cv-1674-LAB-DEB, 2023 U.S. Dist. LEXIS 103873, at *11 (S.D. Cal. June 14, 2023) ("Taibi's written motions and submissions seeking to continue and excuse Banks's appearance at the Court's ENEs contained false statements. . . . Taibi made those false statements without conducting a reasonable and competent inquiry, and, therefore, Rule 11 sanctions are warranted.").

## ARGUMENT

### A. Plaintiffs' References to International Sanctions Lists and U.N. Reports are Primarily Misrepresentations and Asserted for an Improper Purpose

As an initial matter, each of the twelve (12) falsehoods cited above violate Rule 11 as they are only presented to cause delay and harass (through denigration) Unitransfer, Unibank, Mr. Braun, and Defendants' counsel.

The certification requirement of Rule 11 "'require[s] litigants to 'stop-and-think' before initially making legal and factual contentions . . . and emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable . . . .'" *Int'l Christian Broad., Inc. v. Koper (In re Koper)*, Nos. 8-13-74213-las, 8-13-08169-las, 2020 Bankr. LEXIS 2261, at *15-16 (Bankr. E.D.N.Y. Aug. 25, 2020) (quoting Fed. R. Civ. P. 11 advisory committee note to 1993 amendment).[7]

> There are therefore two identifiable grounds for sanctions under Rule 11: the frivolous clause and the improper purpose clause. In addition, the frivolous clause has two subparts: whether the party or attorney has made a reasonable inquiry into the facts, and whether the party has made a reasonable inquiry into the law. A violation of either subpart of the 'frivolous' clause constitutes a violation of Rule 11.

*Yeremis v. Amerit Fleet Sols.*, No. 1:20-cv-04723-GHW, 2021 U.S. Dist. LEXIS 76858, at *27-28 (S.D.N.Y. Apr. 21, 2021) (quoting *Bruno v. City of New York*, No. 89 Civ. 6661, 1992 U.S. Dist. LEXIS 4921, at *3 (S.D.N.Y. 1992) (internal citations, quotation marks, and punctuation omitted)).[8]

---

[7] *See also (RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co.*, No. 21-cv-11096 (LJL), 2022 U.S. Dist. LEXIS 166276, at *12 (S.D.N.Y. Sep. 14, 2022) ("Rule 11(b) 'expands the responsibilities of litigants to the court,' including by 'emphasiz[ing] the duty of candor.'") (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment).

[8] *See also China AI Cap. Ltd. v. DLA Piper LLP (US)*, No. 21-CV-10911 (VM) (VF), 2023 U.S. Dist. LEXIS 132232, at *19 (S.D.N.Y. July 28, 2023) (same, and adding "'[a]n argument constitutes a frivolous legal position for purposes of Rule 11 sanctions if, under an objective standard of reasonableness, it is clear . . . that there is no chance of success and no reasonable argument to extend,

Applying this principle to the present case, the information described above that was either publicly available (such as upon Mr. Braun resigning from his position) show that reasonable inquiry would have shown the twelve (12) misrepresentations by Plaintiffs' counsel described above and made against Unitransfer and Unibank were objectively frivolous. *See, e.g., China AI Cap. Ltd. v. DLA Piper LLP (US)*, No. 21-CV-10911 (VM) (VF), 2023 U.S. Dist. LEXIS 132232, at *34, 48-49 (S.D.N.Y. July 28, 2023) (recommending Rule 11 sanctions and explaining "a reasonable inquiry by Plaintiff and its counsel would have revealed Link Motion's public statements about the Tongfang Transaction. And given those public statements, Plaintiff and its counsel could not have reasonably concluded that the factual allegations in the Complaint would have evidentiary support.").[9]

Plaintiffs' misrepresentations about the United Nations and Canada's unspecified findings and sanctions are wholly immaterial and misleading as to this case. ***Neither the U.N. nor Canada have made any findings or issued any sanctions regarding Unitransfer and Unibank***, or any alleged fraudulent money transfer scheme engaged by them. While Mr. Braun has been placed on the Canadian Sanctions list, it is based on Canada's vague rationale that Mr. Braun and/or other individuals listed were "fuelling [sic] the violence and instability in Haiti through corruption and other criminal acts and by enabling the illegal activities of armed gangs[.]" *See* Government of Canada, September 2023 News Release and Regulatory Impact Analysis Statement, attached

---

modify or reverse the law as it stands.'") (quoting *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995) (cleaned up)).

[9] *See also Elfoulki v. Brannons Sandwich Shop, LLC*, No. 14-cv-5964 (PKC), 2016 U.S. Dist. LEXIS 81601, at *10-11 (S.D.N.Y. June 22, 2016) ("[I]f there was no objectively reasonable inquiry and no good faith basis for the allegation at the time of filing, then a party is not entitled to wait and see whether he or she might get lucky at a deposition and find some support to retroactively bless the pre-complaint inquiry."); *Perry v. S.Z. Rest. Corp.*, 45 F. Supp. 2d 272, 274-75 (S.D.N.Y. 1999) (finding a reasonable inquiry "into the factual allegations underlying the claims . . . would have made it 'patently clear' that the claims had absolutely no chance of success").

hereto as **Composite Exhibit 3**.[10] Nevertheless, the Canadian Government has not provided any specific information about these alleged acts or activities, and certainly no claim of fraud or conduct related to Plaintiffs' claims in this case. Thus, when Plaintiffs' counsel asserted in the Opposition (p. 6) that these 2023 U.N. and Canada findings or sanctions somehow demonstrate that Plaintiffs did conduct the required pre-suit investigation before bringing claims of money transfer and antitrust violations in this case, it is a paradigm of a frivolous factual contention. Simply put, 2023 findings that do not relate to money transfers or the claims in this case cannot, under any creative theory, support that a reasonable inquiry was performed for the claims against Unitransfer and Unibank. Ultimately, this example is emblematic of Plaintiffs' counsel continued resort to rank speculation (including the 12 lies) in violation of Rule 11 in its filings.

Similarly, Plaintiffs make an absurd, and for Rule 11 purposes, frivolous, claim that they have some inside source that informed them Unitransfer and/or Unibank made a deal with either the Canadian Government or United Nations to include Mr. Braun on the sanctions list because, as Plaintiffs' quote "the fish rots at the head." [D.E. 182, p. 6]. This is an outright lie and a quote that is attributed to no one. This baseless and unsupported allegation is intended to mislead the Court and violates Plaintiffs' counsel's core duty of candor to the Court. Plaintiffs must either reveal this alleged source or admit that this baseless lie was made to distract and mislead the Court.

As it relates to the United Nations, neither Mr. Braun, Unitransfer, nor Unibank have been sanctioned or reprimanded. The U.N. has made certain findings about other Defendants that are unrelated to Mr. Braun, Unitransfer, and Unibank. The inclusion of these allegations are further

---

[10] Vant Bèf Info article discussing Mr. Braun's resignation, expressly advised that Mr. Braun, "[f]reed from his commitments to [Unibank, due to his resignation], the businessman declares that he will have sufficient time to lead a new fight aimed at reestablishing his honor, his honesty and his integrity in the face of Canadian sanctions. It should be recalled that Canada sanctioned Carl Braun for stoking violence and instability in corruption and other criminal acts, by allowing armed gangs to carry out illegal activities[.]"

wholly improper, unsupported, frivolous violations of Rule 11.

Plaintiffs' counsel improperly wields these irrelevant allegations of corruption and criminal activity, specifically asserted against Mr. Braun, as an unsubstantiated basis for presenting claims that Unitransfer and Unibank engaged in a conspiracy to steal money via money transfer fees. The reference to the Canadian sanctions only serves to introduce salacious material in an after-the-fact attempt to baselessly impute liability upon Unitransfer and Unibank. Not only would such evidence be completely inadmissible under Federal Rule of Evidence 404(b) if the sanctions were against Unibank and Unitransfer; this improper evidence does not even pertain to them (rather only Mr. Braun) making it doubly inadmissible and cementing its improper purpose as condemned by Rule 11.

The Opposition implies a pre-suit investigation did occur, by expressing "Plaintiffs reached out to some of the [business and financial elites named in the Canadian and United Nations reports] who confirmed that with the use of lobbyists a compromise was reached . . . to shield Unibank and Unitransfer" from the same sanctions imposed on Mr. Braun. [D.E. 182, p. 6]. Despite Plaintiffs' counsel's attempt to rationalize that a pre-suit investigation occurred and contributed to filing suit against Unibank and Unitransfer, the Third Amended Complaint ***does not mention*** (1) Carl Braun or, more importantly (2) that lobbyists reached a compromise with foreign authorities to shield Unibank and Unitransfer in exchange for sanctioning Mr. Braun. *See* [D.E. 182, p. 6]. Essentially, Plaintiffs are claiming in the Opposition that this is their real (and improper) reason for including Unibank and Unitransfer in this case lawsuit. In addition to such reason being improper as it has nothing to do with Unitransfer or Unibank's alleged agreement to impose and/or retain fees on money transfers, it is also an absurd claim, since these international sanctions and U.N. reports came out years after this lawsuit was initiated.

Moreover, neither the U.N. nor Canadian government's reports justify Plaintiffs' counsel revealing confidential settlement communications.

It is patently obvious that Plaintiffs' counsel failed to conduct a reasonable pre-suit investigation to support claims against Unitransfer and Unibank; which this Court previously expressed when it granted Defendants' Motion to Dismiss: "Plaintiffs provide no basis, other than their own speculation, to conclude that Defendants conspired to fix prices and that the [fees] were a mechanism for doing so." [D.E. 159, p. 24].

The sworn statements and publicly available information establish that, while Mr. Braun was a founder of Unibank and was at one time its CEO and Chairman, he has since resigned from that position. Mr. Braun filed a sworn declaration earlier in this case when he was still the CEO and Chairman. [D.E. 64-6, at ¶ 2]. Since then, Mr. Braun has stepped down from each of these positions with Unibank. Mr. Braun's Resignation Notice, dated October 10, 2023, is attached hereto as **Exhibit 4**. Critically, Mr. Braun's resignation was publicized in the media.[11] Thus, Plaintiffs' counsel (whose filings show they are closely tracking news on Haiti or the Defendants) knew or with any required reasonable inquiry, should have known their claim that he was still CEO and Chairman (Opposition, p. 2-3) is false.

For the above reasons, the references in the Opposition which relate to Plaintiffs' counsel's lack of pre-suit due diligence, allegations of the Canadian Government about Unibank's former chairman, or the United Nations' findings against former presidents Martelly and Privert, are both irrelevant to any reasonable inquiry and further establish Plaintiffs' counsel's bad faith, improper

---

[11] *See* Jean Allens Macajoux, *Sanctioned by Canada, Carl Braun resigns from UNIBANK's Board of Directors*, VANT BÈF INFO (VBI), (October 12, 2023) https://vantbefinfo.com/sanctionne-par-le-canada-carl-braun-demissionne-du-conseil-dadministration-de-la-unibank/ (last visited May 22, 2024) (discussing Mr. Braun's resignation as a member of the Board of Directors of Unibank, and all its subsidiaries and the Unibank Foundation).

purpose, and incompetence. Instead of defending their improper actions or why they should not be sanctioned, Plaintiffs' counsel doubles down on their baseless and improper references, make a dozen misrepresentations to the Court and impugn the integrity of PBYA. Thus, sanctions are appropriate for their continued flagrant violation of their ethical duties.

### B. Sanctions are Warranted for Unsubstantiated Claims that Defendants Committed Fraud on Court

In addition to the actions discussed above, Plaintiffs' counsel also alleges unsubstantiated and patently untrue defamatory accusations against Defendants' counsel in the Opposition in yet another improper attempt to justify filing claims against Unitransfer and Unibank. Specifically, Plaintiffs' counsel alludes to Defendants committing fraud on the court by allegedly misrepresenting or concealing Mr. Braun's identity, *See* Opposition [D.E. 182], at p. 6 ("Defendants seized the opportunity to try to mislead the Court by mischaracterizing Carl Braun in their letter motion as 'some former chairman.'"). Contrary to Plaintiffs' counsel's misrepresentations, including the misstated quote of "some former chairman," it is public knowledge—and as such available, via proper due diligence of Plaintiffs' counsel—that Mr. Braun resigned from his position with Unibank in 2023. *See* **Exhibit 4**. Moreover, Defendants' letter motions [D.E. 161 and 166] expressly advised the Court of the irrelevance of Plaintiffs' counsel's "recent findings by the United Nations" and references to Unibank's "former chairman" being named on a Canadian Sanctions list for purposes of addressing the allegations in their first motion for sanctions.

Here, it is objectively frivolous for Plaintiffs' counsel to assert that Defendants attempted to mislead this Court by referencing Mr. Braun as a former chairman, because it is objectively true ***and public knowledge*** that Mr. Braun resigned from his positions with Unibank. Thus, Plaintiffs' counsel alleges this false accusation against Defendants' counsel for no other purpose than to taint

Defendants' credibility before this forum.

Importantly, Plaintiffs' counsel's compounded Rule 11 violations in the Opposition after failing to conduct reasonable inquiry before bringing baseless claims in the instant lawsuit show that Plaintiffs' counsel have not learned their lesson. This factors heavily in favor of Rule 11 sanctions. *See Zlotnick v. Hubbard*, 572 F. Supp. 2d 258, 275 (N.D.N.Y. 2008) ("Mr. Aretakis has further compounded his sanctionable conduct by filing a baseless motion for recusal, again consistent with the same unprofessional pattern of activity demonstrated in past cases where his conduct has been questioned.").

WHEREFORE, Defendants Unitransfer USA, Inc., and Unibank S.A., move this Court for entry an order granting sanctions in its favor and against Plaintiffs, and grant such further relief that this Court deems just and proper.

Dated: July 17, 2024
      New York, New York

Respectfully submitted,

**STINSON LLP**

By: */s/ Kieran M. Corcoran*
Kieran M. Corcoran (KC4935)
100 Wall Street, Suite 201
New York, New York 10005
kieran.corcoran@stinson.com
Tel: (646) 883-7471
Fax: (646) 883-7472

Paul D. Turner, Esq. (FBN 113743)
pturner@pbyalaw.com
Benjamin L. Reiss, Esq. (FBN 985643)
breiss@pbyalaw.com
Oliver Birman, Esq. (FBN 123750)
obirman@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600
Fort Lauderdale, FL 33301
T: (954) 566-7117 / F: (954) 566-7115

*Attorneys for Unitransfer USA, Inc., and Unibank S.A.*