UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
ODILON S. CELESTIN, WIDMIR : 
ROMELIEN, GOLDIE LAMOTHE- : **DECISION AND ORDER**
ALEXANDRE, VINCENT MARAZITA, :
JEANNETTE VALEUS, GUETTY FELIN, : 18-CV-7340 (LDH)(PK)
GORETTIE ST. VIL, MARIE LUCIE ST. VIL, :
HERVE COHEN, and :
On Behalf of All Others Similarly Situated, :
 :
                     Plaintiffs, :
 :
        -against- :
 :
MICHEL JOSEPH MARTELLY, JOCELERME :
PRIVERT, JOVENEL MOISE, THE :
WESTERN UNION COMPANY, d/b/a :
WESTERN UNION HOLDINGS, INC, :
WESTERN UNION FINANCIAL SERVICES, :
INC., AND THROUGH OTHER :
SUBSIDIARIES AND AFFILIATES, :
MONEYGRAM INTERNATIONAL, INC. :
AND MONEYGRAM PAYMENT SYSTEM, :
INC. (COLLECTIVELY MGI), CARIBBEAN :
AIR MAIL, INC., d/b/a CAM, UNIBANK, S.A, :
UNITRANSFER USA, INC., UNIGESTION :
HOLDING, S.A., d/b/a DIGICEL HAITI, :
NATCOM S.A., and THE GOVERNMENT OF :
HAITI, :
 :
                     Defendants. x
----------------------------------------------------------------

**Peggy Kuo, United States Magistrate Judge:**

      On September 30, 2024, the Court granted two motions for sanctions filed by Unitransfer USA, Inc. ("Unitransfer"), Unibank S.A. ("Unibank") (together with Unitransfer, the "Uni Defendants") against Plaintiffs Odilon S. Celestin, Widmir Romelien, Marie Lucie St Vil, and Gorettie St Vil (collectively, "Plaintiffs") ("Sanctions Decision," Dkt. 193) and directed the Uni Defendants to file supplemental briefing on the appropriate sanctions to be imposed. The Court

1

also granted Plaintiffs leave to file supplemental briefing regarding any financial constraints on paying a monetary sanction. (*Id.* at 17.)

In their supplemental brief, the Uni Defendants request that the Court (1) award $1,358,180.97 in attorneys' fees and $1,153.60 in costs against Marcel Denis, Esq. and Rodney Austin, Esq. ("Plaintiffs' Counsel"), (2) impose punitive sanctions of $5,000 against each Plaintiff and $25,000 against each Plaintiffs' Counsel, to be paid to the Court, and (3) require Plaintiffs and Plaintiffs' Counsel to make a public admission that their claims against the Uni Defendants lacked merit. ("Supplemental Brief," Dkt. 195.)

Plaintiffs filed a "Supplemental Brief in Support of Their Objection to the Uni Defendants' Motion for Sanction" ("Pl. Opp.," Dkt. 196), supported by the Declarations of Plaintiffs Celestin and Marie Lucie St Vil. ("Celestin Declaration," Dkt. 196-1; "St Vil Declaration," Dkt. 196-2) (collectively, the "Declarations.") They did not provide any information regarding their ability to pay a monetary sanction. Rather, they "request that the Court reconsider its grant of sanction against the Plaintiffs." (Celestin Declaration ¶ 41; *see also* St Vil Declaration ¶ 1.) Accordingly, the Court construes their supplemental brief as a motion for reconsideration of the Sanctions Decision.

The Uni Defendants subsequently moved to strike the Declarations submitted by Plaintiffs, on the grounds that they contain inadmissible hearsay and exceed the scope of the Court's order. ("Motion to Strike," Dkt. 197; *see also* Memorandum of Law in Support of Motion to Strike at 2-5, Dkt. 198.)

For the reasons stated below, the Court denies Plaintiffs' motion for reconsideration, denies the Uni Defendants' Motion to Strike, and imposes a penalty of $5,000.00 on Plaintiffs' Counsel.

2

## PROCEDURAL BACKGROUND

Plaintiffs, along with former plaintiffs Jeannette Valeus, Guetty Felin, Herve Cohen, Goldie Lamothe-Alexandre, and Vincent Marazita,[1] commenced this action on December 24, 2018, by filing a Complaint against Unitransfer, various individuals and entities associated with the Government of the Republic of Haiti[2] (collectively, the "Government Defendants"), and various corporations[3] (collectively, the "Corporate Defendants"), alleging violations of various federal and state laws, including antitrust and fraud; they also brought a claim for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.* (Compl., Dkt. 1.)

Plaintiffs amended the Complaint on January 23, 2019, adding Unibank as a defendant and a new cause of action for conversion. ("First Amended Complaint," Dkt. 15.)

On February 21, 2019, Unitransfer requested a pre-motion conference regarding an anticipated motion to dismiss the First Amended Complaint on *forum non conveniens* grounds (Dkt. 38), and also requested a briefing schedule regarding an anticipated motion for sanctions under Rule 11. (Dkt. 54.) On April 3, 2019, Unibank requested a pre-motion conference regarding an anticipated motion to dismiss for lack of personal jurisdiction. (Dkt. 58.)

The Corporate Defendants likewise filed motions for pre-motion conference regarding their anticipated motions to dismiss on the grounds of, *inter alia*, *forum non conveniens* and the act of state doctrine. (Dkts. 39, 48, 51.)

---

[1] Valeus, Felin, and Cohen withdrew their claims (Notice of Voluntary Dismissal, Dkt. 138), and Lamothe-Alexandre and Marazita are no longer named in the Third Amended Complaint (Dkt. 118).

[2] Michel Joseph Martelly, Jocelerme Privert, Jovenel Moise, the Government of the Republic of Haiti, and Natcom S.A.

[3] Caribbean Air Mail, Inc., The Western Union Company, and Unigestion Holding, S.A. d/b/a Digicel Haiti.

The Court directed the Uni Defendants and Government Defendants to file a single, consolidated motion to dismiss on the grounds of *forum non conveniens* and the act of state doctrine. (Apr. 12, 2019 Minute Entry and Order.)

After Plaintiffs filed the Second Amended Complaint ("SAC," Dkt. 62), the Uni Defendants, together with the Corporate Defendants, filed a joint motion to dismiss the Second Amended Complaint on the grounds of *forum non conveniens* and the act of state doctrine and reserved their right to dismiss Plaintiffs' claims under Rule 12(b)(6).[4] (Dkt. 64.)

On March 31, 2020, the Court dismissed the Second Amended Complaint in its entirety as to the Uni Defendants and the Corporate Defendants. ("First Dismissal Order," Dkt. 73.) Plaintiffs appealed the First Dismissal Order on April 28, 2020 (Dkt. 75), but withdrew the appeal on May 13, 2020. (Dkt. 78.)

The Government Defendants filed an omnibus motion to dismiss the Second Amended Complaint on July 7, 2020. (Dkt. 86.) On March 10, 2021, the Court vacated the First Dismissal Order and entered orders granting the motions to dismiss filed by the Uni Defendants, Corporate Defendants, and Government Defendants. ("Corrected Dismissal Order," Dkt. 94; Dkt. 95; *see also* Judgment, Dkt. 96.) Plaintiffs appealed both orders of dismissal.

On March 31, 2022, the Second Circuit reversed, vacated the Judgment, and remanded for further proceedings on the ground that the Court misapplied the act of state doctrine. (Dkt. 98.)

After Plaintiffs filed the Third Amended Complaint ("TAC," Dkt. 118), Unibank filed a motion to dismiss for lack of personal jurisdiction on December 12, 2022 (Unibank's Motion to Dismiss TAC, Dkt. 145), and Defendants filed an omnibus motion to dismiss for failure to state a

---

[4] The Government Defendants had not been served at the time, and they did not join the motion to dismiss.

4

claim and on *forum non conveniens* grounds on January 4, 2023. (Joint Motion to Dismiss TAC, Dkt. 148.)

On September 29, 2023, the Court granted the motions to dismiss as to the Uni Defendants and dismissed all claims against them. ("TAC Dismissal Order," Dkt. 159.)

The Uni Defendants then each filed motions for sanctions pursuant to Rule 11 (Dkts. 162, 167 (collectively, the "First Motions for Sanctions"), followed by a joint motion for sanctions ("Second Motion for Sanctions," Dkt. 175), and another joint motion for additional sanctions. ("Third Motion for Sanctions," Dkt. 186).

In its Sanctions Decision, the Court granted the First and Third Motions for Sanctions (collectively, "Motions for Sanctions") and denied the Second Motion for Sanctions. (Dkt. 193.)

## **DISCUSSION**

### I.    **Plaintiffs' Motion for Reconsideration**

A party seeking reconsideration must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). The "standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 279 (2024). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Similarly, a party may not raise new arguments on a motion for reconsideration. *Alvarado v. City of New York*, 482 F. Supp. 2d 341, 344 n.2 (S.D.N.Y. 2007).

5

In their motion for reconsideration, Plaintiffs repeat two arguments that they raised in opposition to the Motions for Sanctions and which the Court already considered and rejected. (*See* Sanctions Decision at 8-14.) Specifically, they argue that the Motions for Sanctions should be denied because they performed a reasonable pre-suit investigation (Pl. Opp. at 2-4), and they had a reasonable basis for their claims. (*Id.* at 4.) As before, Plaintiffs contend that their pre-suit investigation did not reveal sufficient information because no one was willing to provide any information about the Uni Defendants. (*Compare* Declarations *with* Opposition to First Motions for Sanctions, Dkt. 171.) Plaintiffs point to no controlling decision or facts that the Court overlooked. The Court, thus, rejects these arguments for the same reasons as stated in the Sanctions Decision. *See In re Gentiva Sec. Litig.*, 971 F. Supp. 2d 305, 332 (E.D.N.Y. 2013) ("Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion.").

Additionally, Plaintiffs make two new arguments which they failed to raise previously, specifically, that the FDUTPA claim was not frivolous because Unibank is not federally regulated (Pl. Opp. at 6-7), and that there is no continuing duty to correct pleadings once a matter has been dismissed (*id.* at 4-6). Because these arguments were not presented to the Court for consideration in the Motions for Sanctions, they will not be considered on the motion for reconsideration.[5] (*See* Oppositions to Motions for Sanctions, Dkts. 171, 182, 191.) *See Alvarado*, 482 F. Supp. 2d at 344 n.2.

Accordingly, Plaintiffs' motion for reconsideration is denied.

---

[5] Even if these arguments are considered and accepted now, they would not affect the Court's conclusions in the Sanctions Decision.

**II.     Uni Defendants' Motion to Strike the Declarations**

The Uni Defendants request that the Court exercise its inherent authority to strike the Declarations Plaintiffs submitted in support of their motion for reconsideration on the grounds that they contain conclusory allegations and inadmissible hearsay, and that they exceed the scope of the leave granted by the Court in the Sanctions Decision. (Mem. at 2-5.)

The Court may use its inherent authority to strike the Declarations if it determines that they were "abusive or otherwise improper under the circumstances." *Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, No. 09-CV-2669 (LAP), 2015 WL 4757601, at *3 (S.D.N.Y. Aug. 12, 2015) ("It is well-established that a court has the 'inherent authority' to manage the cases before it," including the "ability 'to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances.'") (citation omitted). "[M]otions to strike, while not favored, may be granted where the allegations challenged have no real bearing on the subject matter or are likely to prejudice the movant." *Shahzad v. Meyers*, No. 95-CV-6196 (DAB), 1997 WL 47817, at *13 (S.D.N.Y. Feb. 6, 1997).

While the Uni Defendants are correct that the Court only granted Plaintiffs leave to file supplemental briefing regarding their ability to pay monetary sanctions, Plaintiffs were not precluded from asking the Court to reconsider a ruling. The Declarations describe the efforts Plaintiffs made to conduct a pre-suit investigation of their claims against the Uni Defendants and are, thus, not wholly unrelated to the motion for reconsideration.

Therefore, while the Court denies the motion for reconsideration, it does not find Plaintiffs' filing of the Declarations to be abusive, or that they filed the Declarations for improper purposes. *Lively v. Wayfarer Studios LLC*, No. 24-CV-10049 (LJL), 2025 WL 2298247, at *2 (S.D.N.Y. Aug. 8, 2025) (noting that documents other than pleadings may be stricken when "filed for improper purposes").

7

Accordingly, the Uni Defendants' Motion to Strike is denied.

### III. Appropriate Sanctions to Be Imposed

"A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.*

"The court has significant discretion in determining what sanctions, if any, should be imposed for a violation . . . ." Fed. R. Civ. P. 11 advisory committee note to 1993 amendment ("Rule 11 Advisory Committee Notes"); *see also Perez v. Posse Comitatus*, 373 F.3d 321, 326 (2d Cir. 2004) (citing approvingly). "Since the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty." Rule 11 Advisory Committee Notes. "However, under unusual circumstances . . . deterrence may be ineffective unless the sanction not only requires the person violating the rule to make a monetary payment, but also directs that some or all of this payment be made to those injured by the violation." *Id.*; *see also Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, No. 4-CV-3531 (LTS)(SLC), 2020 WL 3056450, at *10 (S.D.N.Y. June 9, 2020).

#### A. Attorneys' Fees

The Uni Defendants request that Plaintiffs' Counsel be ordered to pay $1,358,705.60 in attorneys' fees as sanctions pursuant to Rule 11. (Supplemental Brief at 10-18.)

Although Rule 11 permits an award of reasonable attorneys' fees, Fed. R. Civ. P. 11(c)(4), "Rule 11 is not a fee-shifting mechanism and does not create an entitlement to attorney's fees." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 369 F.3d 91, 98 (2d Cir. 2004); *see also Merex A.G. v. Fairchild Weston Sys., Inc.*, No. 85-CV-6596 (MJL), 1996 WL 227826, at *10

8

(S.D.N.Y. May 3, 1996) ("Rule 11 does not compel the shifting of fees as a sanction, nor is full compensation a rigid requirement in every case."); *In re Sun Prop. Consultants, Inc.*, No. 8-16-72267 (LAS), 2021 WL 3375831, at *17 (Bankr. E.D.N.Y. Aug. 2, 2021) ("By its own terms, Rule 11 does not require that attorney's fees be awarded—it only requires that the sanction be appropriate.").

Courts often decline to award attorneys' fees under Rule 11 absent a showing that the sanctioned person violated Rule 11(b)(1) by filing papers for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1); *see, e.g.*, *LaVigna v. WABC Television, Inc.*, 159 F.R.D. 432, 437 (S.D.N.Y. 1995) (finding that award of attorneys' fees was unnecessary where plaintiff's counsel did not initiate litigation for improper purpose but only filed papers that "lacked any basis in existing law," and ordering plaintiff's counsel to pay $250 to court); *McLoughlin v. Altman*, No. 92-CV-8106 (KMW), 1995 WL 640770, at *4 (S.D.N.Y. Oct. 31, 1995) (noting that Rule 11 sanctions should ordinarily be paid into court as penalty but finding "unusual circumstances" that warranted award of attorneys' fees because counsel, *inter alia*, conducted litigation in bad faith and for improper purpose of delaying related state court action). *But see (RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co.*, No. 21-CV-11096 (LJL), 2022 WL 4234552, at *5 (S.D.N.Y. Sep. 14, 2022) (awarding attorneys' fees under Rule 11 despite finding that "the evidence does not rise to the level that convinces the Court that the Amended Complaint was brought in bad faith or was motivated by an improper purpose").

The Uni Defendants did not argue, and the Court did not find, that Plaintiffs' Counsel violated Rule 11(b)(1) by initiating this litigation or filing the TAC for an improper purpose. Rather, the Uni Defendants argued, and the Court found, that Plaintiffs' Counsel violated Rule 11(b)(2)-(3) by asserting claims without any factual or legal basis. (*See* Motions for Sanctions; Sanctions Decision.) Likewise, the Supplemental Brief focuses primarily on the frivolousness of Plaintiffs'

9

claims, in support of the Uni Defendants' argument that attorneys' fees should be awarded. (*See* Supplemental Brief at 10-13.)

"'Although a frivolous position will often signal an improper purpose,' frivolousness alone does not give rise to a finding of improper purpose, absent something more." *Ammann v. Sharestates, Inc.*, No. 21-CV-2766 (JS)(ST), 2024 WL 1956237, at *3 (E.D.N.Y. Mar. 21, 2024) (quoting *Sierra Club v. U.S. Army Corps of Eng'rs*, 776 F.2d 383, 391 (2d Cir. 1985)); *see also In re Kunstler,* 914 F.2d 505, 519 (4th Cir. 1990) ("The existence of baseless allegations does not alone require a finding of improper purpose [for purposes of Rule 11], because inexperience or incompetence may have caused their inclusion in a pleading, rather than or in addition to willfulness or deliberate choice.").

The Uni Defendants contend that Plaintiffs' Counsel's decision to contact the media and disparage the Uni Defendants in interviews "can be evidence of improper purpose when the claims lack factual and legal support." (Supplemental Brief at 14 n.12). While it is true that Plaintiffs' claim lacked factual and legal support, the Uni Defendants do not present any proof that Plaintiffs' Counsel initiated contact with the media, or that their interaction with the media was motivated by illegitimate purposes.

The Uni Defendants also assert that they should be awarded attorneys' fees because they had to defend Plaintiffs' groundless claims for over five years. (Supplemental Brief at 13-14.) Although Plaintiffs amended the Complaint three times, the Uni Defendants do not point to any instance in which Plaintiffs' Counsel engaged in dilatory or abusive litigation tactics, nor do they account for Plaintiffs' successful appeal or their and other Defendants' numerous motions for extension of time that extended the duration of this litigation. (*See, e.g.*, Dkts. 14, 24, 30, 36, 45, 77, 79, 82, 132, 136.)

10

Based on the foregoing, the Court does not find "unusual circumstances" that warrant an award of attorneys' fees. *See* Rule 11 Advisory Committee Notes; *McLoughlin*, 1995 WL 640770, at *4. Accordingly, the Court declines to award the Uni Defendants attorneys' fees under Rule 11.

The Court notes that, even if an award of attorneys' fees were warranted, awarding the full amount sought by the Uni Defendants would vastly exceed what is necessary to deter Plaintiffs' Counsel from engaging in similar conduct. *See* Fed. R. Civ. P. 11(c)(4) (noting that Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct").

The Uni Defendants seek $1,358,705.60 in attorneys' fees for the 3,070.9 hours they expended between January 2, 2019, and August 27, 2024, *i.e.*, since the inception of this case through the Motions for Sanctions. ("Time Records," Composite Ex. A to Declaration of Oliver Birman, Esq. ("Birman Decl."), Dkt. 194-1.) Although the Time Records span more than 5.5 years, the parties conducted no discovery. *See Winfield v. City of New York*, No. 15-CV-5236 (LTS)(KHP), 2018 WL 1631336, at *4 (S.D.N.Y. Mar. 29, 2018) (noting that discovery is "probably the single greatest source of cost and delay in civil litigation"); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 n.4 (2d Cir. 2007) (noting that antitrust discovery is particularly onerous). Rather, the parties engaged almost exclusively in motion practice. Specifically, the Uni Defendants filed three motions to dismiss various iterations of the Complaint, two of which were prepared and filed jointly with the other Defendants. (Joint Motion to Dismiss SAC, Dkt. 64[6]; Unibank's Motion to Dismiss TAC, Dkt. 145; Joint Motion to Dismiss TAC, Dkt. 148.[7]) They also filed three motions for sanctions (Dkts. 162, 167, 186), but the motions for sanctions filed at Docket Nos. 162 and 167, are virtually

---

[6] This motion was jointly filed with the Corporate Defendants.

[7] This motion was jointly filed by all Defendants as an omnibus motion to dismiss the Third Amended Complaint.

11

identical.[8] Regarding Plaintiffs' appeal of the Court orders dismissing the Second Amended Complaint, the Uni Defendants jointly prepared and filed a brief and a supplemental brief with the Corporate Defendants.[9] Considering that the three motions to dismiss, three motions for sanctions, and two appellate briefs that the Uni Defendants drafted—some of which are nearly identical or jointly prepared with the other Defendants—comprise almost all the work they performed, the Court finds that expending more than 3,000 hours in this matter was plainly excessive.

Although the Uni Defendants do not specify the total number of hours attributable to each motion or brief, courts in the Second Circuit "generally find 100 hours to be within the reasonable range for attorneys to expend on work related to a motion for sanctions." *StoneX Grp., Inc. v. Shipman*, No. 23-CV-00613 (JGK)(VF), 2025 WL 1212165, at *6 (S.D.N.Y. Apr. 25, 2025) (collecting cases and finding that expending 595 hours on a motion for sanctions was excessive). Likewise, courts in the Second Circuit generally find that it is excessive to expend more than 100 hours on motions to dismiss or appellate briefs. *See, e.g., China AI Cap. Ltd. v. DLA Piper LLP (US)*, No. 21-CV-10911 (VM)(VF), 2025 WL 2466633, at *8 (S.D.N.Y. May 22, 2025) ("[T]he 142.5 hours expended on the motion to dismiss exceeds the number of hours typically deemed reasonable in this District for work on similar motions."); *Sea Spray Holdings, Ltd. v. Pali Fin. Grp., Inc.*, 277 F. Supp. 2d 323, 325 (S.D.N.Y. 2003) (finding 123.75 hours expended on a motion to dismiss to be "excessive on its face"); *Rudman v. CHC Grp. Ltd.*, No. 15-CV-3773 (LAK), 2018 WL 3594828, at *4-5 (S.D.N.Y. July 24, 2018) (reducing 210 hours spent on fully briefed motion to dismiss to 105 hours); *Brady v. Wal-Mart Stores, Inc.*, No. 03-CV-3843 (JO), 2010 WL 4392566, at *8 (E.D.N.Y. Oct. 29, 2010) (noting that spending 180 hours "for preparing a single appellate brief is excessive" although

---

[8] Unibank and Unitransfer each filed these motions separately.

[9] *See* Brief for Defendants-Appellees, *Celestin v. Martelly*, No. 20-1412, 2021 WL 2917288 (2d. Cir. July 7, 2021); Supplemental Brief for Defendants-Appellees, *Celestin v. Martelly*, No. 20-1412, 2021 WL 4894932 (2d. Cir. Oct. 18, 2021).

counsel "was plainly justified in devoting significant effort to the appellate brief" given the complexity).

Moreover, while the Uni Defendants had to defend Plaintiffs' claims for years, they also argued that the claims against them were groundless from the outset. (*See* Dkt. 38.) The "Court must be mindful of the fact that a concededly frivolous claim should not reasonably require an enormous expenditure of time and effort to refute." *Bonded Life Fund, LLC v. AXA Equitable Life Ins. Co.*, No. 13-CV-5451 (KBF), 2014 WL 1329234, at *3 (S.D.N.Y. Apr. 1, 2014); *see also Melrose v. Shearson/Am. Exp., Inc.*, 898 F.2d 1209, 1216 (7th Cir. 1990) (noting that it was unreasonable for five attorneys to expend more than 600 hours to oppose summary judgment motion which they claimed was "predominantly frivolous").

The excessiveness of the total hours expended is compounded by the fact that most of the hours were billed at the partner rate,[10] the matter was overstaffed,[11] and the Time Records contain numerous vague and block-billing entries.

The foregoing issues with the Uni Defendants' Time Records demonstrate the excessiveness of the amount they seek in attorneys' fees, further supporting the Court's conclusion that an award of attorneys' fees is not warranted. *See* Fed. R. Civ. P. 11(c)(4).

### B. Penalty to Be Paid into Court

The Uni Defendants seek penalties of $25,000 against each Plaintiffs' Counsel and $5,000 against each Plaintiff, to be paid to the Court as a penalty. (Supplemental Brief at 10.)

---

[10] By the Court's calculation, 2,284.3 hours—more than 74 percent of the hours billed—were billed by the five partners assigned to this matter. "Courts have reduced the fee percentage requested where, as here, the lodestar value reflects an over-allocation of work to more expensive partners." *In re Platinum and Palladium Commodities Litig.*, No. 10-CV-3617 (WHP), 2015 WL 4560206, at *4 (S.D.N.Y. July 7, 2015).

[11] The Uni Defendants assigned 17 attorneys—five of whom are partners—to a case prosecuted by just two attorneys for Plaintiffs. (Birman Decl. at 5-8.) *See Robinson v. New York City Transit Auth.*, No. 19-CV-1404 (AT)(BCM), 2024 WL 4150818, at *14 (S.D.N.Y. Aug. 16, 2024) (assigning 17 attorneys to "complex" case that "involved novel claims" was excessive).

Rule 11 applies to both attorneys and represented parties who sign pleadings or other documents, *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 548 (1991), and they may both be sanctioned "for factual contentions that lack evidentiary support." *Nyitray v. Johnson*, No. 96-CV-6150 (MBM), 1998 WL 67651, at *14 (S.D.N.Y. Feb. 19, 1998) (citing Fed. R. Civ. P. 11(b)(3)), *aff'd sub nom. Nitray v. Johnson*, 166 F.3d 1201 (2d Cir. 1998).

"Because the purpose of imposing Rule 11 sanctions is deterrence, a court should impose the least severe sanctions necessary to achieve the goal." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 465 (S.D.N.Y. 2023) (cleaned up).

The Rule 11 Advisory Committee Notes provide a non-exhaustive list of factors that courts may consider when determining the appropriate amount of sanctions to be imposed:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

*Id.*

### 1. Penalty to Be Imposed on Plaintiffs' Counsel

The Uni Defendants do not provide any evidence that Plaintiffs' Counsel asserted groundless claims willfully, or that they engaged in similar conduct in other litigation. Moreover, as discussed above, there is no evidence that Plaintiffs' Counsel initiated this litigation for an improper purpose or to injure the Uni Defendants, or that Plaintiffs' Counsel needlessly delayed or increased the cost of litigation. Indeed, the Uni Defendants themselves point to Plaintiffs' Counsel's "limited federal court experience," "lack of significant experience in antitrust matters," and "lack of class action experience" to argue their incompetence. (*See* Uni Defendants' Reply at 2, Dkt. 172.)

14

Nevertheless, the Court finds that a monetary sanction is necessary to deter Plaintiffs' Counsel from asserting meritless claims in the future, particularly in an area of law outside their expertise, and wasting judicial resources. *See Adams v. New York State Dep't of Educ.*, 855 F. Supp. 2d 205 (S.D.N.Y. 2012) (imposing penalty of $10,000 and $5,000 on plaintiffs' counsel where they reasserted dismissed claims without setting forth new factual or legal bases); *Gambello v. Time Warner Commc'ns, Inc.*, 186 F. Supp. 2d 209, 229-30 (E.D.N.Y. 2002) (imposing penalty of $1,000 on plaintiff's counsel for refusing to withdraw claim exposed as frivolous); *Craig v. City of New York*, No. 1:20-CV-02152 (LDH)(PK), 2022 WL 2238451, at *16 (E.D.N.Y. June 22, 2022) (imposing penalty of $500 on counsel after taking into account her "relative inexperience, the minimal evidence that she has engaged in this type of behavior in other cases, and the expectation that this kind of conduct will not be repeated"), *aff'd*, 2025 WL 1604359 (2d Cir. June 6, 2025) (summary order).

Accordingly, the Court finds that a penalty of $5,000.00, to be imposed jointly and severally on Plaintiffs' Counsel and payable to the Clerk of Court, is sufficient to achieve Rule 11's deterrent objective. *Bunnell v. Haghighi*, 183 F. Supp. 3d 364, 371 (E.D.N.Y. 2016) (noting that "where multiple attorneys are responsible for a Rule 11 violation, the court has discretion to hold them jointly and severally liable").

### 2. Penalty to Be Imposed on Plaintiffs Individually

The Uni Defendants' request for imposition of penalties on Plaintiffs is denied. The Declarations that Plaintiffs filed in support of the motion for reconsideration suggest that they conducted at least some pre-suit investigation of their claims against the Uni Defendants even if it was inadequate. *See House v. Gen. Elec. Co.*, No. 23-CV-71 (LDH)(LB), 2025 WL 1309602, at *4 (E.D.N.Y. Apr. 4, 2025) (noting that Rule 11 requires plaintiffs to conduct adequate investigation of their claims before filing complaint). Moreover, the Court finds that Plaintiffs' Counsel, as their

attorneys, should have assessed Plaintiffs' claims against the Uni Defendants and prevented such claims from being asserted. As the Second Circuit explained in *Calloway*:

> We further believe that when a party has participated in the filing of a paper signed by the attorney or has signed a paper himself but did not realize that such participation or signing was wrongful, then sanctions against the party are also not appropriate. In each of these cases, the attorney, because of professional standards, is held to know of the wrongfulness of the conduct and, because of professional responsibility, should act to prevent it. Where the attorney fails to advise an unwary client of the wrongfulness of such conduct, the burden of sanctions should fall entirely upon the attorney.

*Calloway v. Marvel Entm't Group*, 854 F.2d 1452, 1474 (2d Cir. 1988), *rev'd in part on other grounds sub nom. Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120 (1989); *see also Universitas Educ., LLC v. Nova Grp., Inc.*, 784 F.3d 99, 103 (2d Cir. 2015) (citing *Calloway* approvingly); *Jay Dees, Inc. v. Def. Tech. Sys., Inc.*, No. 05-CV-6954 (TSZ), 2012 WL 13059897, at *7 (S.D.N.Y. Feb. 29, 2012) (same).

Unlike cases in which represented parties were sanctioned for deliberately concealing facts or fabricating documents, *see Jay Dees*, 2012 WL 13059897, at *8, Plaintiffs asserted groundless claims—with the assistance of counsel—which they believed were meritorious. (*See, e.g.*, Celestin Declaration ¶¶ 14-20; St Vil Declaration ¶¶ 30-31.) The Court, therefore, does not find that sanctions are warranted against Plaintiffs pursuant to Rule 11.

### C. Costs

The Uni Defendants seek $1,153.60 in costs pursuant to 28 U.S.C § 1920 and Local Civil Rule 54.1, including costs associated with *pro hac vice* admissions, oral argument transcripts, and printing charges. (Supplemental Brief at 17-18.)

Pursuant to Rule 54(d), "prevailing parties" may recover costs, other than attorneys' fees, as enumerated in 28 U.S.C. § 1920. *Soley v. Wasserman*, 639 F. App'x 670, 679 (2d Cir. 2016). The Uni Defendants are not claiming costs as the "prevailing parties" in this action. Rather, they assert that they "should be entitled to reimbursement of their taxable costs incurred" for "the same reasons

stated above," *i.e.*, as a sanction based on the frivolousness of Plaintiffs' claims against the Uni Defendants.

The Court finds the penalty of $5,000.00 on Plaintiffs' Counsel to be sufficient deterrence for the reasons stated above. Accordingly, the Uni Defendants' request that they be reimbursed $1,153.60 in costs is denied.

### D. Request for Public Admission that Plaintiffs' claims against the Uni Defendants lacked merit

The Uni Defendants also ask that Plaintiffs and Plaintiffs' Counsel be sanctioned "in the form of a public admission that these claims lacked merit." (Supplemental Brief at 18.) The Court finds that a "public admission" by Plaintiffs or Plaintiffs' Counsel would serve no purpose, as the Court has already ruled that the claims in the TAC lack merit. (*See* Sanctions Decision.) Accordingly, the request is denied.

### CONCLUSION

Based on the foregoing, the Court imposes a penalty of $5,000.00 on Marcel Denis, Esq. and Rodney Austin, Esq., jointly and severally, and payable to the Clerk of Court. The Court orders them to pay the penalty in full no later than November 1, 2025. The Court denies the Uni Defendants' Motion to Strike and Plaintiffs' motion for reconsideration.

SO ORDERED:

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
September 30, 2025

17